Concerned Taxpayers of Beaver County, Appellant *v.* Beaver County Board of Assessment Appeals, Appellee.

Argued March 1, 1983, before President Judge CRUMLISH, JR. and Judges ROGERS, BLATT, WILLIAMS, JR. and DOYLE.

*Thomas A. Dittoe,* with him *D. Patrick Zimmerman,* for appellant.

*Eugene Morris,* County Solicitor, for appellee.

Opinion by Judge Doyle, July 13, 1983:

This is an appeal by the Concerned Taxpayers of Beaver County (Taxpayers) from an order of the Court of Common Pleas of Beaver County which dismissed the Taxpayers' Petition to Set Aside Assessment. We affirm.

The Taxpayers, an unincorporated association, brought this action at Law in December of 1981, to stop implementation of a county-wide reassessment which was to be effective for taxes levied during 1982. The Beaver County Board of Assessment (Board) filed preliminary objections to the action and, at oral argument before the court of common pleas sitting en banc, the Board raised the question of subject matter jurisdiction. The Board urged that the Fourth to Eighth Class County Assessment Law (Act)[1] provided an appeal procedure and remedy which the Taxpayers failed to pursue. The court of common pleas ordered the filing of supplemental briefs on the question of jurisdiction and subsequently determined that it lacked jurisdiction in law or in equity to hear the Taxpayers' Petition.[2] Appeal to this Court followed.

The Petition of the Taxpayers is essentially a complaint of overassessment which challenges the manner

---

[1] Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. §§5453.101-5453.706.

[2] The Taxpayers filed this action at law, but at oral argument before the court of common pleas urged that they were not required to seek equity jurisdiction to challenge the reassessment. We find nothing to support the argument but need not discuss the issue further because of our disposition of the case. We believe that the exhaustion of remedies rule applies equally to actions in equity and at law and the threshold requirements for exception to the rule are the same. *See City of Philadelphia v. Kenny,* 28 Pa. Commonwealth Ct. 531, 548, 369 A.2d 1343, 1353, *cert. denied* 434 U.S. 923 (1977). For this reason, we also need not deal with the Taxpayers' request that we remand and transfer the case to the equity side of the court of common pleas.

in which the reassessment was undertaken, and avers that it amounts to a violation of equal protection and due process guaranteed by the fourteenth amendment to the United States Constitution.[3] No constitutional challenge is made to the validity of the Act or any of the procedures set forth therein. In fact, the petition avers a violation of that Act as well.[4]

Section 701 of the Act provides, in pertinent part, that "[a]ny person aggrieved by any assessment whether or not the value thereof shall have been changed since the preceding annual assessment ... may appeal to the board for relief." 72 P.S. §5453.701(b). Section 704 of the Act, 72 P.S. §5453.704, provides for

---

[3] The Taxpayers' petition, in pertinent part, avers:

3. Respondent's reassessment violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in that Respondent has reassessed properties at different values which was arbitrary and capricious.

. . . .

5. Respondent's reassessment violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution in that Respondent used unskilled college students to value the properties in the reassessment.

6. It is believed and averred that the college students were not knowledgable in assessing properties and that they were not properly prepared to make assessments.

7. Respondents knew nothing about the background of the student "assessors" which was obviously against the duty of their office in that they were required to find competent assessors.

[4] The Taxpayers' petition averred, in part:

8. Respondent did not adhere to 72 P.S. §5453.602 requiring the property to be assessed at its actual value for the above stated reasons.

. . . .

11. Respondent failed to take into account county sales, sheriff sales and sales between relatives when reaching an assessed value which is violative of 72 P.S. §5453.602.

appeal of decisions of the Board to the court of common pleas. It is well settled that where the legislature provides a remedy without preserving the parallel right to resort directly to the courts, that remedy is exclusive and must be strictly pursued. *Lashe v. Northern York County School District*, 52 Pa. Commonwealth Ct. 541, 417 A.2d 260 (1980). The record in this case is clear; the Taxpayers failed to pursue the statutory remedy.

The Taxpayers urge that the considerations giving rise to exception to the requirement that statutory remedies be exhausted, articulated in *Borough of Green Tree v. Board of Property Assessments*, 459 Pa. 268, 328 A.2d 819 (1974), are applicable here. We disagree. In *Green Tree*, the Supreme Court reviewed the approach taken in considering exceptions to the exhaustion doctrine and emphasized:

> From what has been said, it is clear that we have not dispensed with the requirement that a litigant follow statutorily-prescribed remedies merely because a constitutional question is present in the case.

*Id.* at 279, 328 A.2d at 824. The test to be applied is whether the statutory remedy is adequate and the constitutional question substantial. *Id.*[5] The Court elaborated:

---

[5] Recently, the Supreme Court reaffirmed these criteria in *Shenango Valley Osteopathic Hospital v. Department of Health*, 499 Pa. 39, 451 A.2d 434 (1982). The Court noted:

> In Borough of Green Tree, *supra*, this Court was unsuccessful in achieving a consensus on the question whether the mere assertion of a constitutional challenge to a statute eliminates the exhaustion of remedies requirement and permits equitable intervention. Nevertheless, it was clear from that decision that four members of this Court agreed the doctrine of exhaustion of remedies would not bar equitable intervention where there are both a substantial question of

> Our opinions in the past have generally shown an awareness that the more direct the attack on the statute, the more likely it is that exercise of equitable jurisdiction will not damage the role of the administrative agency charged with enforcement of the act, nor require, for informed adjudication, the factual fabric which might develop at the agency level.... The more clearly it appears that the question raised goes directly to the validity of the statute the less need exists for the agency involved to throw light on the issue through exercise of its specialized fact-finding function or application of its administrative expertise.

*Id.* at 281, 328 A.2d at 825. In the case before us there is no direct constitutional attack on the statute authorizing the reassessment nor on the procedures provided in that statute for the accomplishment of reassessment. What is challenged as constitutionally infirm is the mechanics of the reassessment as it was accomplished in this case, to wit: the alleged use of unskilled and unknowledgable college students to value properties. We believe that, unlike the circumstances warranting exception to the exhaustion doctrine in *Green Tree*, the instant case presents circumstances where there is clearly a need "for the agency involved to throw light on the issue through exercise of its specialized fact-finding function or application of its

---

> constitutionality *and* the absence of an adequate statutory remedy....

*Id.* at 48, 451 A.2d at 438 (citation and footnote omitted). The Court also noted:

> Whether a court of equity should decide a broad constitutional challenge to the validity of a statute irrespective of the existence of a specific statutory remedy is not before us, since, as discussed *infra*, there is an absence of a statutory remedy in this case.

*Id.* at n. 9.

administrative expertise." *Id.*[6] Resolution of the constitutional issues here will turn on whether, in fact, the alleged use of college students resulted in inaccurate and unfair reassessments. It is the Board which functions as fact finder and it is the Board which has the expertise in property valuation to determine whether the manner in which the reassessment was undertaken was faulty.

Accordingly, we hold that the court of common pleas correctly dismissed the action for failure to exhaust statutory remedies.

---

[6] The present circumstances are similarly different from those in *Shenango Valley Osteopathic Hospital v. Department of Health*, 499 Pa. 39, 451 A.2d 434 (1982), where the Court found that "the issues raised by the instant challenges are not within the purview of the expertise of the Board and/or Department and no factual issues requiring the development of a record are present." *Id.* at 49, 451 A.2d at 439.

We find the circumstances in this case similar to those in *Rochester & Pittsburgh Coal Co. v. Indiana County Board of Assessment and Revision of Taxes*, 438 Pa. 506, 266 A.2d 78 (1970). In *Rochester*, the appellant coal company challenged classifications created and rates applied in a revised method of taxation, and alleged violation of the Equal Protection Clause, the Uniformity Clause and provisions of the Fourth to Eighth Class County Assessment Law. In *Rochester*, the Supreme Court noted:

> In the real estate tax area most of the grave constitutional questions have already been decided, and most of the actions, including this one, question not the underlying statute but rather its application. In such a situation, the administrative body which has responsibility for applying the statute on a day-by-day basis should have the first opportunity of studying and ruling on any new application. It may well be that all problems will be worked out at that stage, and neither party will be required to resort to the judicial system.

*Id.* at 509, 266 A.2d at 79.

## Order

Now, July 13, 1983, the order of the Court of Common Pleas of Beaver County in the above referenced matter, dated March 24, 1982, is hereby affirmed.