**GTECH CORPORATION, Petitioner**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF REVENUE and Scientific Games International, Inc., Respondents.**

Commonwealth Court of Pennsylvania.

Argued Dec. 8, 2008.
Decided Feb. 24, 2009.

Jayson R. Wolfgang, Harrisburg, for petitioner.

Robert L. Byer, Pittsburgh, for respondent, Department of Revenue.

Robert W. Hayes and James G. Colins, Philadelphia, for respondent, Scientific Games International, Inc.

BEFORE: COHN JUBELIRER, Judge, and LEAVITT, Judge (P.), and McCLOSKEY, Senior Judge.

OPINION BY Judge LEAVITT.

GTECH Corporation seeks to set aside the Department of Revenue's award of a contract to provide terminal-based games for the Pennsylvania Lottery. In its petition for review with this Court, GTECH alleges that the Department violated the Procurement Code, 62 Pa.C.S. §§ 101–4509, in handling the request for proposals for this contract, and in refusing to hear GTECH's bid protest in a timely fashion. GTECH seeks declaratory and injunctive relief against the further advancement of a government contract that it believes was produced in an unlawful manner, and it appeals the Department's refusal to stay finalization of a contract with the successful offeror, Scientific Games International, Inc. (SGI), while GTECH's bid protest was being considered. Respondents have filed preliminary objections to the petition, asserting, *inter alia*, that this Court lacks subject matter jurisdiction over GTECH's

claims, and they have filed motions to quash GTECH's appeal on the grounds that a refusal to stay contract negotiations is not a final, appealable order.

**Factual and Procedural Background**

The pertinent facts alleged in GTECH's amended petition for review are as follows. On June 29, 2007, the Department issued a Request for Proposals for Pennsylvania Lottery Gaming System and Related Services, RFP Number Lottery 2–2007 (RFP 2–2007). RFP 2–2007 will result in a five-year contract (with up to five one-year extensions) between the successful offeror and the Department.[1] The contract was scheduled to begin January 1, 2009, after the Department's contract with its current contractor, SGI, expired on December 31, 2008. Timely proposals were submitted by SGI and one other offeror, GTECH. Following an evaluation period, the Department notified GTECH on January 14, 2008, that it had been selected for contract negotiations.

The next day, the Secretary of Revenue, Thomas W. Wolf, publicly announced the Department's selection of GTECH in a press release. Noting that SGI had been paid approximately $50 million to provide terminal-based lottery services to the Pennsylvania Lottery in fiscal year 2006–2007, Secretary Wolf estimated that the contract with GTECH "will be at least $25 million less per year compared to the [C]ommonwealth's existing contract." Amended Petition for Review, ¶ 15. Thus, as a result of the January 15, 2008 press release, SGI was able to determine the otherwise confidential cost component of GTECH's proposal.

In response to the Department's selection of GTECH for contract negotiations, SGI filed a protest with the Department and requested a debriefing on the selection of GTECH.[2] GTECH was not given notice of SGI's protest; an opportunity to respond; or an opportunity to participate in SGI's debriefing.[3]

During contract negotiations with the Department, GTECH informed the Department that it planned to substitute its Altura lottery terminal for the IMAGINE terminal that had been specified in GTECH's proposal. In a letter to the Department dated March 4, 2008, GTECH described its Altura terminal as its "current, state-of-the-art lottery terminal" of which the IMAGINE terminal is a derivative. Amended Petition for Review, ¶ 23. As such, the substitution was permitted by, and compliant with, RFP 2–2007 and did not involve any increase in cost to the Department.[4]

---

1. The winning vendor will, *inter alia,* replace the communications network and terminals at all lottery retail locations with state-of-the-art equipment; train retailers to use the new equipment; install and maintain the new system and terminals; manage the retailer call center and other retailer-support services; and support new game development and other marketing initiatives. *Department of Revenue Solicits Best, Final Offers for Lottery Terminal–Based Game Services* (Department of Revenue Press Release, March 11, 2008).

2. Section 1711.1 of the Procurement Code sets forth the procedures for protesting a solicitation or award. It states, in relevant part:

(a) Right to protest.—A bidder or offeror, a prospective bidder or offeror or a prospective contractor that is aggrieved in connection with the solicitation or award of a contract ... may protest to the head of the purchasing agency in writing.
62 Pa.C.S. § 1711.1(a).

3. SGI's scheduled debriefing was later cancelled, and no action was taken on SGI's bid protest.

4. It is not clear from the pleadings why the IMAGINE terminal was withdrawn. GTECH has not included its proposal and related correspondence with its pleadings because those items are confidential.

On March 11, 2008, the Department responded to GTECH's change of proposed equipment by announcing that it would solicit "Best and Final Offers" from both GTECH and SGI. On March 21, 2008, the Department requested a best and final offer from GTECH and informed GTECH that it would "not conduct a reverse auction event for additional [c]ost submittals." Amended Petition for Review, ¶ 27. GTECH voiced no objection to the Department's best and final offer announcement, and both companies submitted best and final offers. On April 25, 2008, the Department announced that it had selected SGI instead of GTECH to enter into contract negotiations for RFP 2–2007.

On May 1, 2008, GTECH protested the Department's selection of SGI and requested a debriefing. The Department deferred action on GTECH's protest. On May 15, 2008, Secretary Wolf wrote a letter to GTECH in which he stated the following:

> The Department of Revenue has received your protest of May 1, 2008, regarding [RFP 2–2007]. As a contract has not been negotiated as a result of this procurement, no contract has been awarded. Therefore, your protest is deemed premature and will not be considered at this time.
>
> If and when an award is made to [SGI], through the final execution of a negotiated contract, the Department will then consider your protest on the grounds stated in your letter to be timely and consider the protest on its merits.

Amended Petition for Review, ¶ 36. GTECH, through counsel, responded by letter on May 27, 2008, stating its disagreement that the protest was premature. GTECH pointed out that Section 1711.1 of the Procurement Code, 62 Pa.C.S. § 1711.1, the Department of General Services' Procurement Handbook and RFP 2–2007 each contemplate a protest review *before* award or execution of a contract. Accordingly, GTECH requested that the Department immediately comply with its obligation to act upon GTECH's protest and to stay contract negotiations with SGI, as required by Section 1711.1(k) of the Procurement Code.[5]

The Department took no action on GTECH's protest until September 22, 2008, when the Department's Issuing Officer, Thomas Blaskiewicz, informed GTECH that "the terms of the contract have been reached" with SGI and scheduled GTECH's debriefing for September 29, 2008. Amended Petition for Review, ¶ 45. The following day, Deputy Secretary for Administration Barry T. Drew sent a letter to GTECH's counsel confirming the award of the contract to SGI and stating that "[i]n light of this development, the May 1, 2008, protest filed by GTECH Corporation has been activated." Amended Petition for Review, ¶ 49. Secretary Drew's letter further advised:

> *Execution of the contract will not be stayed pending resolution of the GTECH protest since award without delay is necessary to protect the substantial interests of the Commonwealth.* The current on-line games services con-

---

5. It states:

(k) Stay of procurement during pendency of protest.—*In the event a protest is filed timely under this section* and until the time has elapsed for the protestant to file an appeal with Commonwealth Court, *the purchasing agency shall not proceed further* with the solicitation or *with the award of the contract* unless and until the head of the purchasing agency, after consultation with the head of the using agency, makes a written determination that the protest is clearly without merit or that award of the contract without delay is necessary to protect substantial interests of the Commonwealth.

62 Pa.C.S. § 1711.1(k) (emphasis added).

tract expires at midnight, December 31, 2008. Significant transition time is needed in order to change the telecommunications system and install new terminals at all of the Lottery's retail locations, as well as to install the hardware and software for the new games system so that operations can commence on January 1, 2009.

Pursuant to the requirements of Section 1711.1(d) of the Commonwealth Procurement Code,[6] the contracting officer's response to the originally filed protest must be submitted to me as the Secretary of Revenue's designee no later than fifteen (15) days following the date of this letter, unless the protest is further supplemented as discussed above.

Amended Petition for Review, ¶ 52 (emphasis added). At the September 29, 2008, debriefing the Department informed GTECH that among the reasons for rejecting GTECH was its proposal to substitute the Altura terminal for the IMAGINE terminal.

The Department confirmed at GTECH's debriefing that a contract with SGI had not been signed as of that date. Nonetheless, SGI has manufactured, distributed and installed new equipment at numerous locations in the Commonwealth in anticipation that its contract would proceed.

GTECH has learned, however, that the Department has required SGI to implement the new gaming system within the first calendar quarter of 2009 instead of by January 1, 2009. Amended Petition for Review, ¶ 60.

On October 8, 2008, GTECH filed a three-count petition for review against the Department and SGI, followed by an amended petition for review on October 22, 2008. With its petition, GTECH filed a motion for a preliminary injunction seeking to enjoin implementation of the contract between the Department and SGI. This Court enjoined the Department's execution of a contract with SGI in a preliminary injunction issued on November 7, 2008, which also ordered the Department to appoint an outside, impartial hearing officer to review and decide GTECH's bid protest.[7]

### Count I: Declaratory Judgment under the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531–7541

GTECH seeks a declaratory judgment that the Department violated Section 1711.1 of the Procurement Code, 62 Pa. C.S. § 1711.1, in connection with both the procurement of RFP 2–2007 and its handling of GTECH's protest.[8]

---

6. Section 1711.1(d) states:

(d) Response and reply.—Within 15 days of receipt of a protest, the contracting officer may submit to the head of the purchasing agency and the protestant a response to the protest, including any documents or information he deems relevant to the protest. The protestant may file a reply to the response within ten days of the date of the response.

62 Pa.C.S. § 1711.1(d).

7. GTECH also sought to stay the bid protest, but this part of GTECH's preliminary injunction request was denied by the Court. As stated above, Senior Judge Quigley, in a single-judge opinion, ordered the Department to

appoint an impartial hearing officer to hear GTECH's bid protest. This was done, and a final decision was issued on December 15, 2008, which denied GTECH's protest. GTECH has petitioned this Court to review the hearing officer's decision at *GTECH Corp. v. Department of Revenue*, No. 2421 C.D.2008. Following the hearing officer's decision on December 15, 2008, the Department moved to vacate the preliminary injunction enjoining implementation of the contract, and that motion was granted on December 19, 2008.

8. GTECH alleges that the Department has violated similar provisions in the Department of General Services' Procurement Handbook. See Amended Petition for Review, ¶¶ 97–100.

Beginning with the Department's handling of GTECH's protest, Section 1711.1 requires the Department to act immediately upon a timely filed protest. 62 Pa.C.S. § 1711.1(a), (b).[9] Instead, the Department postponed GTECH's protest for months. The Department is required to evaluate and issue a written determination on a protest within 60 days, but it had not yet acted on GTECH's May 1, 2008, protest as of the filing of its petition for review. 62 Pa. C.S. § 1711.1(e), (f).[10] Section 1711.1(k), 62 Pa.C.S. § 1711.1(k)[11] requires the Department to stay negotiation on a contract upon the filing of a protest and not proceed further with the award of the contract until the time has elapsed for the protestant to file an appeal to this Court. Instead, the Department continued negotiations with SGI. By deeming GTECH's protest "premature" and refusing to stay negotiations with SGI, the Department placed GTECH into an administrative void, thereby depriving GTECH of its remedies in the Procurement Code. In the meantime, the very thing the protest and stay were designed to avoid has occurred, *i.e.*, the Department has negotiated a contract with the "winning" offeror even though the selection may have been wrongly decided.

In addition to its allegations that the Department deprived it of its protest remedy, GTECH avers that the selection of SGI as the winning offeror was flawed. Central to this claim is Secretary Wolf's January 15, 2008 press release announcing that GTECH was the selected offeror. That press release disclosed confidential cost information about GTECH's final bid.[12] This gave SGI an unfair advantage because it was then able to prepare its best and final offer armed with an approximation of GTECH's total bid amount. GTECH characterizes this scenario as the sort of *de facto* reverse auction that the Department had previously ruled would not occur, and in which only SGI could participate. Additionally, SGI was unfairly advantaged because it had acquired technical and other confidential information relating to GTECH's proposal prior to making its best and final offer. In contrast to the favored treatment of SGI, the Department greatly prejudiced GTECH with its unauthorized and unwarranted secondary selection process of soliciting best and final offers. As it stands, GTECH's proposal meets all of the technical requirements of RFP 2–2007 and is considerably less expensive to the Commonwealth over the life of the contract; therefore, GTECH's proposal is still the most advantageous to the Department.

In sum, GTECH contends that the Department's selection of SGI was tainted by

---

**9.** Subsections (a) and (b) of Section 1711.1 state that an offeror "that is aggrieved in connection with the solicitation or award of a contract" has a right to file a protest "with the head of the purchasing agency within seven days after the aggrieved ... offeror ... knew or should have known of the facts giving rise to the protest except that in no event may a protest be filed later than seven days after the date the contract was awarded." 62 Pa. C.S. § 1711.1(a), (b).

**10.** Section 1711.1(e) and (f) state that "[t]he head of the purchasing agency or his designee shall review the protest and any response or reply" and after such evaluation "shall issue a

written determination stating the reasons for the decision. The determination shall be issued within 60 days of the receipt of the protest unless extended by consent of the head of the purchasing agency or his designee and the protestant." 62 Pa.C.S. § 1711.1(e), (f).

**11.** *See* n. 5, *supra.*

**12.** Secretary Wolf estimated that the contract with GTECH "will be at least $25 million less per year compared to the [C]ommonwealth's existing contract [with SGI]." Amended Petition for Review, ¶ 15.

irregularities that led to the selection of a higher bid from the incumbent offeror who had unfair advantages throughout the RFP process. Further, GTECH argues that the Department failed to adhere to the statutory procedures for handling its protest to the Department's selection process. GTECH contends that it lacks an adequate administrative remedy because it has been deprived of the one provided in the Procurement Code. For these reasons, GTECH asks the Court to declare the procurement of RFP 2–2007 void and to order the Department to conduct a new request for proposals.

## Count II: Injunctive Relief

GTECH seeks to enjoin the Department and SGI from proceeding with performance of their contract. GTECH avers that there is an urgent necessity to stop and prevent injuries—namely, the violations of GTECH's statutory and constitutional rights—which cannot be compensated with damages. GTECH asserts that greater harm will result from refusing the relief requested because the further along the Department and SGI are in the implementation of their contract, the more difficult it will be to undo; the Department created its own "exigency" by not following the procedures for protests and the stay of procurement in the Procurement Code; and the current contract with SGI can be extended by the Department if necessary to allow time for a new procurement process.

## Count III: Petition for Review of the Department's Determination of September 23, 2008

Alternatively, GTECH invokes this Court's appellate jurisdiction, challenging Deputy Secretary Drew's September 23, 2008, decision to proceed with the SGI contract notwithstanding GTECH's protest. GTECH asserts that the decision is a "determination" of the Department. As such, it triggered GTECH's appeal rights under Section 1711.1(g) of the Procurement Code,[13] over which this Court has appellate jurisdiction. GTECH contends that Deputy Secretary Drew's determination was arbitrary, capricious, an abuse of discretion and contrary to law.[14] GTECH requests this Court to enter an order (1) directing the Department to reject all of SGI's proposals if it has not yet signed a contract with the Department; (2) voiding any contract that has been executed; (3) returning the parties to the *status quo* before the best and final offers and award RFP 2–2007 to GTECH; or, alternatively, (4) cancelling RFP 2–2007.

## SGI's Responses to Amended Petition for Review

SGI filed preliminary objections on a number of grounds to Counts I and II of GTECH's amended petition for review.[15] SGI asks this Court to dismiss these

13. It states:
 (g) Appeal.—Within 15 days of the mailing date of a final determination denying a protest, a protestant may file an appeal with Commonwealth Court. Issues not raised by the protestant before the purchasing agency are deemed waived and may not be raised before the court.
 62 Pa.C.S. § 1711.1(g).

14. GTECH echoes the language set forth in Section 1711.1(i) of the Procurement Code:
 (i) Standard of review.—The court shall hear the appeal, without a jury, on the record of determination certified by the purchasing agency. The court shall affirm the determi-

nation of the purchasing agency unless it finds from the record that the determination is arbitrary and capricious, an abuse of discretion or is contrary to law.
 62 Pa.C.S. § 1711.1(i).

15. Under Pennsylvania Rule of Civil Procedure 1028, preliminary objections may be filed on several grounds, including (a) lack of subject matter jurisdiction; (b) legal insufficiency (demurrer); (c) lack of capacity to sue; (d) pendency of a prior action; and (e) failure to exhaust statutory remedies. PA. R.C.P. No. 1028(a)(1), (4), (5), (6), (7).

counts for lack of subject matter jurisdiction and for GTECH's lack of standing.[16] SGI further contends that because GTECH's protest proceeding is still pending with the Department, GTECH has failed to exhaust its administrative remedies and, therefore, its petition fails to state a claim upon which this Court can grant relief.

SGI also filed an application to quash Count III of GTECH's amended petition for review, arguing that GTECH seeks appellate review of an interlocutory order. The gist of SGI's argument is that disappointed bidders may appeal to this Court only from a "final determination denying a protest." 62 Pa.C.S. § 1711.1(g). Deputy Secretary Drew's letter declining to stay the procurement process was not such a final determination. Moreover, GTECH's bid protest proceeding renders its amended petition for this Court's review inherently premature.[17]

### The Department's Responses to GTECH's Amended Petition for Review

The Department has also filed preliminary objections to Counts I and II of the amended petition for review, seeking their dismissal. The Department first argues that the protest procedure under 62 Pa. C.S. § 1711.1 is GTECH's mandatory and exclusive remedy and, therefore, this Court lacks subject matter jurisdiction over GTECH's petition for review. The Department also contends that because GTECH can assert its claims through the protest procedure under 62 Pa.C.S. § 1711.1, its claims are barred by sovereign immunity.[18] The Department demurs to GTECH's claim challenging the Department's refusal to act promptly upon its May 1, 2008, protest, asserting that GTECH was not entitled to a hearing on its protest until a contract was reached with another party. Finally, the Department maintains that GTECH's right to challenge the Department's selection of SGI is fully protected by the exclusive statutory protest remedy. Indeed, because GTECH's bid protest is still active, a declaratory judgment would not end the controversy or resolve any of the issues GTECH has raised with respect to the procurement process.

The Department has also filed an application to quash Count III of GTECH's amended petition for review. The Department argues that disappointed bidders may only appeal to this Court from a "final determination denying a protest." 62 Pa. C.S. § 1711.1(g). Deputy Secretary Drew's letter declining to stay the SGI contract was not such a final determination.

### Standard of Review

■■■ The Court's standard of review of preliminary objections is well-settled.

---

**16.** SGI's standing issue is nothing more than an alternate description of its legal position that this Court lacks subject matter for jurisdiction over Counts I and II of the petition for review.

**17.** SGI also argues that GTECH waived its right to appeal other decisions throughout the procurement process, such as the Department's decision to defer consideration of GTECH's protest and its decision to solicit best and final offers. However, Count III of GTECH's amended petition for review seeks to appeal only Deputy Secretary Drew's refus-

al on September 23, 2008, to stay execution of SGI's contract pending resolution of GTECH's protest.

**18.** GTECH has objected to the Department's preliminary objection on the ground of sovereign immunity because immunity is an affirmative defense that must be raised in a responsive pleading as new matter. PA. R.C.P. No. 1030(a). Because the effect of our order today is to require Respondents to file an answer to GTECH's amended petition for review, we will defer consideration of the Department's claim of sovereign immunity.

In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. *Stanton–Negley Drug Co. v. Department of Public Welfare,* 927 A.2d 671, 673 (Pa.Cmwlth.2007), *affirmed,* —— Pa. ——, 962 A.2d 670 (2009). The court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Id.* In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *Id.*

 Petitions for declaratory judgment are governed by the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531–7541. The purpose of the Declaratory Judgments Act is to "settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered." 42 Pa.C.S. § 7541(a). An action brought under the Act "must allege an interest by the party seeking relief which is direct, substantial and present, . . . and must demonstrate the existence of an actual controversy related to the invasion or threatened invasion of one's legal rights." *Bowen v. Mount Joy Township,* 165 Pa. Cmwlth. 101, 644 A.2d 818, 821 (1994) (quoting *Pennsylvania Institutional Health Services, Inc. v. Department of Corrections,* 158 Pa.Cmwlth. 221, 631 A.2d 767, 771 (1993)). Granting or denying a petition for a declaratory judgment is committed to the sound discretion of a court of original jurisdiction. *Gulnac by Gulnac v. South Butler County School District,* 526 Pa. 483, 487, 587 A.2d 699, 701 (1991).

### Original Jurisdiction Action

 The Department and SGI contend that GTECH's exclusive remedy is the bid protest proceeding, which has now been litigated to a final determination that is currently on appeal to this Court. Accordingly, they argue that this Court lacks subject matter jurisdiction over GTECH's requests for declaratory and injunctive relief. The problem with Respondents' jurisdictional argument is that it conflates two distinct components of GTECH's action: (1) a substantive challenge to the selection of SGI as the winning offeror, and (2) a procedural challenge to the Department's handling of GTECH's protest. The Procurement Code provides a remedy for the former but not for the latter. Absent any statutory remedy for resolving GTECH's procedural challenge, we decline to dismiss its claims at this preliminary stage.

 Beginning with GTECH's substantive challenge, Section 1711.1(a) of the Procurement Code provides a general right of protest to an offeror who "is aggrieved in connection with the solicitation or award of a contract." 62 Pa.C.S. § 1711.1(a). An aggrieved offeror may protest to the head of the purchasing agency in writing within seven days after the offeror "knew or should have known of the facts giving rise to the protest," and in no event later than seven days after the date the contract was awarded. 62 Pa.C.S. § 1711.1(b). Section 1711.1(*l*) provides that Section 1711.1

> shall be the exclusive procedure for protesting a solicitation or award of a contract by a bidder or offeror[,] a prospective bidder or offeror, or a prospective contractor that is aggrieved in connection with the solicitation or award of a contract. The provisions of 2 Pa.C.S. (relating to administrative law and procedure) shall not apply to this section.

62 Pa.C.S. § 1711.1(*l*) (emphasis added). This Court has consistently held that the Procurement Code sets forth the mandatory and exclusive remedy for disappointed bidders, offerors, prospective bidders or

offerors, and prospective contractors, to challenge the solicitation or award of a contract. *Stanton–Negley Drug Co.*, 927 A.2d at 673.[19]

Quite simply, GTECH's exclusive remedy for its substantive challenge to the Department's selection of SGI is the bid protest procedure in the Procurement Code, not an action addressed to this Court's original jurisdiction. GTECH has already availed itself of this protest remedy and has obtained a final determination from the Department's designated hearing officer. This Court has appellate jurisdiction to review that determination, and it is presently on appeal at *GTECH Corp. v. Department of Revenue*, No. 2421 C.D. 2008.[20] Notably, this Court is empowered to set aside the contract if we determine that the solicitation or award was contrary to law.[21]

The analysis is not so straightforward with respect to the second part of GTECH's original jurisdiction action, which concerns the protest proceeding itself. GTECH alleges that the Department mishandled its protest by deeming it premature and then not evaluating the protest within the timeframe mandated by Section 1711.1. Compounding this problem was the Department's decision to negotiate with SGI while GTECH's protest was "on hold" from May to September 2008, the exact opposite of the order established in the Procurement Code. Under Section 1711.1, contract negotiations are to be placed on hold while the bid protest is decided. The protest provisions of Section 1711.1 do not address how a party aggrieved by the process (not just the result) may seek redress. Thus, the outstanding question is what should happen when an

---

19. The enactment of the Procurement Code has not taken away the right of taxpayers to bring an action in equity before this Court to enjoin the award of a contract when bidding requirements were not followed. *Direnzo Coal Co. v. Department of General Services, Bureau of Purchases*, 779 A.2d 614, 617 n. 4 (Pa.Cmwlth.2001). An aggrieved taxpayer, who lacks standing to file a protest under the Procurement Code, may still file an action in equity in this Court's original jurisdiction to protest the award of a contract. Id. GTECH does not assert taxpayer standing, nor can it because "a protestant who is both a disappointed bidder and an aggrieved taxpayer cannot avail himself of both remedies." *Pennhurst Medical Group, P.C. v. Department of Public Welfare*, 796 A.2d 423, 426 (Pa. Cmwlth.2002).

20. The Procurement Code sets for the following procedures for appeal to Commonwealth Court in a protest proceeding:

(g) Appeal.—Within 15 days of the mailing date of a final determination denying a protest, a protestant may file an appeal with Commonwealth Court. Issues not raised by the protestant before the purchasing agency are deemed waived and may not be raised before the court.

(h) Record of determination.—The record of determination for review by the court shall consist of the solicitation or award; the contract, if any; the protest; any response or reply; any additional documents or information considered by the head of the purchasing agency or his designee; the hearing transcript and exhibits, if any; and the final determination.

(i) Standard of review.—The court shall hear the appeal, without a jury, on the record of determination certified by the purchasing agency. The court shall affirm the determination of the purchasing agency unless it finds from the record that the determination is arbitrary and capricious, an abuse of discretion or is contrary to law.

62 Pa.C.S. § 1711.1(g)-(i).

21. Section 1711.1(j) of the Procurement Code states:

(j) Remedy.—If the determination is not affirmed, the court may enter any order authorized by 42 Pa.C.S. § 706 (relating to disposition of appeals), provided that, if the court determines that the solicitation or award of a contract is contrary to law, then the remedy the court shall order is limited to canceling the solicitation or award and declaring void any resulting contract.

62 Pa.C.S. § 1711.1(j).

agency refuses to act in accordance with the Procurement Code with respect to the bid protest procedures.

■ Based on the facts as pled, we agree with GTECH that there has been a deviation from the Procurement Code with respect to the Department's handling of its protest. The statute requires immediate action on a filed bid protest and a stay of contract negotiations through the appeal to this Court. 62 Pa.C.S. §§ 1711.1(e), (k). This is logical because should the protest and debriefing disclose problems in its bid procedures, the agency will be able to respond quickly to correct the problem. To wait until the agency has finalized a contract to begin the bid protest review means that the agency is less likely to conduct an open-minded review of the protest; its position will have become entrenched. The agency is also less likely to order a rebid, even if it discovers problems in the course of the bid protest review, because of the disruption caused by cancelling a finalized contract. A delay in conducting the bid protest has a ripple effect. An appeal of a bid protest is less likely to succeed if the Court is requested to set aside a contract that is operating. We reject the Department's position that GTECH's bid protest was filed prematurely. To the contrary, the Department should have acted immediately on GTECH's bid protest.

■ GTECH emphasizes that the Procurement Code requires an agency to defer contract negotiations with the selected offeror until the agency has resolved a bid protest. This is correct, but the Procurement Code does provide an exception to this general rule. It allows the agency to continue to negotiate while it also decides the merits of the bid protest. The exception may be invoked when "award of the contract without delay is necessary to protect substantial interests of the Commonwealth." 62 Pa.C.S. § 1711.1(k). This exception is an important part of the procurement process. To address emergencies, such as a collapsed bridge, fast-tracking of public contracting will be needed. In such a case, a stay may not be appropriate.

■ Deputy Secretary Drew invoked the exception in Section 1711.1(k), but he did so in a conclusory manner. Neither his letter nor the Department's brief explain the exceptional circumstances for the Department's decision. An agency cannot invoke the exception when its own violation of the Procurement Code, *i.e.*, its failure to act promptly on the bid protest, has caused the need for the exception. According to the Department, however, the agency's decision to invoke the exception in Section 1711.1(k) is not subject to judicial review, in either an original or appellate petition for review filed with this Court.

As observed above, the facts as pled establish that the Department violated the Procurement Code with respect to the Department's conduct of GTECH's bid protest. Normally, a review of the fairness of a hearing is given judicial review along with the substantive merits of the agency's decision, in accordance with the terms of the Local Agency Law, 2 Pa.C.S. §§ 551–555, 751–754, or the Administrative Agency Law, 2 Pa.C.S. §§ 501–508, 701–704. *See, e.g., Concerned Taxpayers of Beaver County v. Beaver County Board of Assessment Appeals,* 75 Pa.Cmwlth. 443, 462 A.2d 347 (1983) (dismissing for failure to exhaust statutory remedies a taxpayer action to stop a county-wide reassessment where taxpayers challenged the mechanics of the reassessment and not the enabling statute or the provisions contained therein).[22] The General Assembly has, howev-

---

22. By contrast, in *Borough of Green Tree v.* *Board of Property Assessments, Appeals and*

er, expressly removed bid protest proceedings from the ambit of the Administrative Agency Law. 62 Pa.C.S. § 1711.1($l$). The import of this exemption, according to the Department, is to limit the bid protest proceeding to a consideration of the merits of the agency's selection and not the fairness or legality of the bid protest proceeding itself.[23]

In short, under the Department's view of the Procurement Code, a disappointed bidder has a legal right to a bid protest, at some point. However, if one is not held, in a timely and fair manner, that issue is not part of the bid protest hearing or its appeal.

 Where statutory procedures are not followed, the usual response of a court is to void the agency's action. This is the case with a regulation not promulgated in accordance with statutory procedures or with a tax sale undertaken without following the prescribed procedures. *Concerned Taxpayers of Beaver County,* 75 Pa. Cmwlth. 443, 462 A.2d 347. GTECH asserts that the bid protest and stay are part and parcel of all the procedures in the Procurement Code, and those procedures must be strictly enforced. Accordingly, the appropriate remedy, it contends, is for this Court to exercise its equitable powers to set aside the Department's selection of and contract with SGI.

 In summary, GTECH asserts that the vehicle for reviewing an agency's failure to grant a prompt bid protest and to stay negotiations with the winning offeror is the bid protest hearing itself and appeal therefrom. The Department argues that because the Administrative Agency Law does not apply to the Procurement Code, there is no statutory remedy for the offeror that is denied a debriefing or bid protest or only given one after the time has passed for a meaningful hearing. If the Department is correct in its interpretation, then the Procurement Code has created a legal right in disappointed bidders, namely a prompt bid protest hearing with the agency, but it has not provided a remedy if the agency violates the bid protest rights of the disappointed bidder. Where the law has created a legal right but not a remedy, equity will intervene to fashion a remedy.[24]

*Review of Allegheny County,* 459 Pa. 268, 328 A.2d 819 (1974), a taxpayer complaint in equity challenging the constitutionality of certain sections of the Second Class County Assessment Code, Act of June 21, 1939, P.L. 626, *as amended,* 72 P.S. §§ 5452.1–5452.20, was permitted to go forward, notwithstanding the existence of a statutory appeal procedure. There, the Supreme Court observed:

> Our opinions in the past have generally shown an awareness that the more direct the attack on the statute, the more likely it is that exercise of equitable jurisdiction will not damage the role of the administrative agency charged with enforcement of the act, nor require, for informed adjudication, the factual fabric which might develop at the agency level.... The more clearly it appears that the question raised goes directly to the validity of the statute the less need exists for the agency involved to throw light on the issue through exercise of its specialized fact-finding function or application of its administrative expertise.

*Id.* at 281, 328 A.2d at 825. Here, GTECH has not challenged the adequacy of the statutory remedy provided in the Procurement Code, only the way in which the Department administered the procurement and protest procedures. This case is more like *Concerned Taxpayers of Beaver County* than *Borough of Green Tree.*

23. Another interpretation, however, is that the Administrative Agency Law does not apply because the bid protest is intended to be conducted swiftly without having to adhere to the stately procedures in the Administrative Agency Law and the General Rules of Administrative Practice and Procedure.

24. The Department contended at oral argument that GTECH should have filed a mandamus action to force a prompt hearing on its bid protest. This argument was not raised in preliminary objections or briefed. It will not be considered. GTECH contends that it had a right to a prompt bid protest while negotia-

*See Pennsylvania State Chamber of Commerce v. Torquato,* 386 Pa. 306, 328, 125 A.2d 755, 766 (1956) ("[A] Court of Equity has jurisdiction and in furtherance of justice will afford relief if the statutory or legal remedy is not adequate, or if equitable relief is necessary to prevent irreparable harm.").

At this preliminary stage of the proceedings, we cannot sustain the preliminary objections on jurisdictional grounds. GTECH makes a cogent case that the Court has subject matter jurisdiction, at least over the issue of GTECH's claim that it was denied a bid protest that conforms to the terms of the Procurement Code and that it has no other remedy at law. Indeed, the Department itself contends that the agency's handling of the bid protest is beyond the scope of the bid protest proceeding.

### Appellate Jurisdiction Action

 Count III of GTECH's amended petition for review invokes this Court's appellate jurisdiction. Specifically, GTECH appeals Deputy Secretary Drew's September 23, 2008 letter refusing to stay execution of the contract with SGI pending resolution of GTECH's protest because "award without delay is necessary to protect the substantial interests of the Commonwealth." Amended Petition for Review, ¶ 52.[25]

Deputy Secretary Drew's letter is not appealable under the Procurement Code.

The Code expressly limits this Court's appellate jurisdiction to review of "a final determination denying a protest." 62 Pa. C.S. § 1711.1(g). *See also* PA. R.A.P. 1512(b)(4) ("A petition for review of . . . [a] determination of a Commonwealth agency under section 1711.1(g) of the Commonwealth Procurement Code, 62 Pa.C.S. § 1711.1(g), shall be filed within 15 days of the mailing date of a final determination denying a protest."). Deputy Secretary Drew's September 23, 2008 letter is not a final determination. The final determination in this matter for purposes of the Procurement Code is the December 15, 2008, final order of the Department's designated hearing officer, which is currently being appealed by GTECH.

### Conclusion

For all of the foregoing reasons, we sustain in part and overrule in part the preliminary objections of the Department and SGI asserting a lack of subject matter jurisdiction. We sustain the preliminary objections to Counts I and II of GTECH's amended petition for review with respect to GTECH's substantive challenge to the Department's selection of SGI. We overrule Respondents' preliminary objections to Counts I and II with respect to GTECH's challenge to the Department's handling of its bid protest. Count III of GTECH's amended petition for review is

---

tions with SGI were stayed. Because the agency has discretion to lift that stay, and mandamus cannot be used to compel an agency's discretion one way or another, the correctness of the Department's position is by no means clear.

**25.** Deputy Secretary Drew's rationale echoes the stay of procurement provision in Section 1711.1(k) of the Procurement Code. It provides:

In the event a protest is filed timely under this section and until the time has elapsed

for the protestant to file an appeal with Commonwealth Court, the purchasing agency shall not proceed further with the solicitation or with the award of the contract unless and until the head of the purchasing agency, after consultation with the head of the using agency, makes a written determination that the protest is clearly without merit *or that award of the contract without delay is necessary to protect substantial interests of the Commonwealth.*

62 Pa.C.S. § 1711.1(k) (emphasis added).

quashed because it appeals an interlocutory, not final, order.

### ORDER

AND NOW, this 24th day of February, 2009, Respondents' preliminary objections to Counts I and II of Petitioner's Amended Petition for Review are SUSTAINED IN PART and OVERRULED IN PART in accordance with the attached opinion. Count III of Petitioner's Amended Petition for Review is quashed. Respondents are directed to file an answer to Petitioner's Amended Petition for Review within thirty days of the date of this Order.