# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Lamont Burley, Jr.,       :
             Appellant      :
                                :
         v.                   :
                                :
Jason Hilton, Brian Covert,     :   No. 934 C.D. 2021
and Nicholas Zarilla           :   Submitted: March 25, 2022

BEFORE:   HONORABLE ANNE E. COVEY, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: June 30, 2022

        Keith Lamont Burley, Jr. (Burley) appeals pro se from the Lawrence County Common Pleas Court's (trial court) March 23, 2021 order dismissing Burley's Amended Complaint (Amended Complaint) against Jason Hilton (Hilton), Brian Covert (Covert) and Nicholas Zarilla (Zarilla)[1] (collectively, Appellees) with prejudice. There are two issues before this Court: (1) whether the trial court erred by dismissing Burley's access to court claim on the basis that he was represented by Thomas Farrell, Esquire (Counsel) at all time material to his criminal case; and (2) whether the trial court erred by dismissing Burley's claims with prejudice. After review, this Court affirms.

---

[1] Other than in the caption, Zarilla's name does not appear in the Amended Complaint.

**Facts**

On October 13, 2020, Burley filed the Amended Complaint against Appellees, therein asserting only three factual allegations:

> (3). [Burley] was an incarcerated citizen; [p]re-trial detainee in the Lawrence County Corrections from July - to - September[] 2019, [a]nd [from] January - to - July 2020[,] [u]nder the care custody, and control of corrections officials [W]arden [] Covert [a]nd Deputy Warden [] Hilton.
>
> (4). [Covert] [a]nd [Hilton] are legally responsible for the operation of the Lawrence Cou[n]ty Corrections.
>
> (5). Each defendant mentioned in this [Amended C]omplaint acted under the color of state law.

Original Record (O.R.) at 157.[2]

The Amended Complaint includes eight counts: Count I - "Covert and [] Hilton did deny [Burley] access to the law library and trained assistance[;]" Count II - "[t]he defendants did knowingly, willingly, with malicious intent destroy and withhold [Burley's] legal mail and illegally recorded and disseminated private/privileged telephone communications [Burley] had while housed on HD Housing Unit." ("The result [was] the deliberate impairment to [Burley's] right to access the courts."); Count III - "[t]he defendants used artificial light and sound as weapons resulting in temporary blindness and permanent impaired vision [and] hearing loss, as well as causing insomnia and symptoms associated with sleep deprivation. The actions of the defendants were deliberate assaults[;]" Count IV - "[t]he defendants engaged in extreme negligence in that they: [] [c]reated the custom under which the violation occurred[,] [] [f]ailed to remedy the violations after being informed[,] [] [a]nd were grossly negligent in supervising subordinates who

---

[2] Because the Original Record pages are not numbered, the page numbers referenced in this Opinion reflect electronic pagination.

committed violations and were deliberately indifferent to [Burley's] rights by failing to act on information that constitutional rights were being violated[;]" Count V - "[p]unitive [d]amages[,]" and "compensatory damages in the amount of [t]wenty[-][f]ive [d]ollars for the unlawful usurpation [sic] of twenty[-]five dollars from [Burley] for [a] fabricated booking fee . . . [;]" Count VI - "[t]he defendants did engage in religious discrimination by deliberately denying [Burley] a feast at the end of the month of Ramadan[,]" and "retaliated by having [Burley] transferred to a distant institution without a hearing[;]" Count VII - "[Burley] seeks . . . a mandatory injunction for the defendants to return all of [Burley's] personal property which remains inside of the Lawrence County Corrections[,] [n]amely, coat, pants, keys, and all electronic mail messages sent to [Burley,]" "[a]nd all other personal and private privileged mail which still remains inside of the Lawrence County Corrections[;]" and Count VIII - "[Burley] seeks a prohibitory injunction against [Covert and Hilton] from accessing any of [his] personal property." O.R. at 157-159. The *Counts* were not supported by any further factual allegations.

The Amended Complaint ended with a "[c]onclusion," wherein Burley stated:

> [Burley] avers that[,] by way of the written record, video surveillance, and eye witness testimony, a prima facie case will be clearly established against the defendants.

> Also, the "Apology Letters" the defendants sent to [his] [Counsel] in case [n]o. 730-19 is an admission of guilt. [Burley] further avers that even had there been only a scintilla of evidence regarding the issues herein, then those issues must be decided by a jury, rather than being resolved by any summary judgement which would favor the defendants.

O.R. at 159. The referenced *Apology Letters* were not attached to the Amended Complaint.

3

On November 23, 2020, Hilton and Covert filed Preliminary Objections to the Amended Complaint and a brief in support thereof. Therein, Hilton and Covert alleged demurrers pursuant to Pennsylvania Rule of Civil Procedure (Civil Rule) 1028(a)(4): (1) to the entire Amended Complaint for failure to plead material facts; (2) to Count I (access to courts claim) because Burley was represented by Counsel during his criminal case; (3) to Count III because Hilton and Covert cannot be held vicariously liable for the alleged actions of some unidentified correctional officers; (4) to Count IV (negligence claim) because it is barred by the Act commonly known as the Pennsylvania Political Subdivision Tort Claims Act;[3] (5) to Count V (punitive damages) because the ability to allege punitive damages is curtailed as a matter of law against governmental employees; and (6) to Count VI (post-Ramadan feast) because the Amended Complaint fails to include factual allegations as to how the defendants *deliberately denied* Burley a *feast*. On December 2, 2020, Zarilla filed Preliminary Objections to the Amended Complaint and a brief in support thereof. Therein, Zarilla sought dismissal from Burley's action because Burley failed to include a single specific fact in support of a claim against him, and failed to effect service of original process.

On December 10, 2020, Burley filed an "Answer to Defendants Preliminary Objections to [the] Amended Complaint." O.R. at 235. On December 10, 2020, Burley filed "Supplemental Material Facts which Support the Claims [(Supplemental Material Facts)]." O.R. at 240. On December 14, 2020, Burley filed a Request for Appointment of Counsel.[4] Also on December 14, 2020, Burley filed a "Brief in Support of each Meritorious Claim." O.R. at 249. On December 18, 2020, Burley filed a Motion to Compel Discovery and Facilitate Depositions

---

[3] 42 Pa.C.S. §§ 8541-8542.

[4] The trial court previously denied Burley's Request for Appointment of Counsel (filed after his original Complaint in Mandamus), stating that Burley was not entitled to appointed counsel in a civil case.

4

(Motion to Compel). On December 29, 2020, Burley filed a "Memorandum of Points and Authorities." O.R. at 275. On January 4, 2021, Burley filed an Application for Oral Argument. On January 7, 2021, Burley filed a Request for Production of Documents.

By February 8, 2021 order, the trial court directed Burley to file a Brief in response to both Preliminary Objections to the Amended Complaint on or before March 15, 2021. On February 22, 2021, Burley filed his brief in response to Hilton and Covert's Preliminary Objections. Also on February 22, 2021, Burley filed a Request for a Time Extension to file his brief in response to Zarilla's Preliminary Objections, and a Request for Leave of Court to file a Supplemental Complaint. On February 25, 2021, Burley filed a "Request for Pre-Inju[n]ction." O.R. at 393.

On March 23, 2021, the trial court issued an opinion and order sustaining Hilton and Covert's, and Zarilla's Preliminary Objections, and dismissing the Amended Complaint. On March 29, 2021, Burley filed his brief in response to Zarilla's Preliminary Objections. On April 28, 2021, Burley filed a Notice of Appeal with the Pennsylvania Superior Court.[5] On May 17, 2021, the trial court directed Burley to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). Burley filed his Rule 1925(b) Statement on June 28, 2021.[6] On July 15, 2021, the Pennsylvania Superior Court transferred Burley's appeal to this Court.[7] On August 10, 2021, the trial court filed its Rule 1925(a) Opinion.

---

[5] Burley's return receipt from the trial court's order and opinion was returned as un-delivered. The trial court remailed its order and opinion to Burley on April 19, 2021.

[6] The trial court's order was returned as undeliverable and was resent to Burley on June 28, 2021.

[7] ["]Where a [trial court] dismisses a complaint based on preliminary objections, this Court's review is limited to determining whether the trial court committed an error of law or an abuse of discretion.["] When considering preliminary objections, we must accept as true all

On October 19, 2021, Burley filed a Motion Seeking Leave of Court to File a Supplemental Memorandum in Support of his Appeal with this Court. By November 16, 2021 Order, to the extent that Burley was seeking leave to file a supplemental brief, this Court granted the request and directed that the supplemental brief was due on or before December 15, 2021. On December 2, 2021, Burley filed his Supplemental Brief.[8] On January 3, 2022, Covert and Hilton filed a Motion for Leave to File Brief in Response to Burley's Supplemental Brief (Reply Brief), which this Court granted on January 5, 2022. On January 6, 2022, Covert and Hilton filed their Reply Brief.

On January 26, 2022, Burley filed a Motion for Clarification seeking this Court's review of newly discovered facts and attachments that pertained to a civil action Burley filed in the United States District Court for the Western District of Pennsylvania. By March 2, 2022 Order, this Court denied the Motion for Clarification.

---

well-pleaded material facts alleged in the complaint and all reasonable inferences deducible therefrom. A preliminary objection should be sustained only in cases when, based on the facts pleaded, it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief. Because a preliminary objection in the nature of a demurrer presents a question of law, this Court's standard of review of a court of common pleas' decision to sustain a demurrer is *de novo* and the scope of review is plenary. Similarly, whether immunity applies is a question of law subject to our *de novo* review.

*Brown v. Wetzel*, 179 A.3d 1161, 1164 n.2 (Pa. Cmwlth. 2018) (quoting *Minor v. Kraynak*, 155 A.3d 114, 121 (Pa. Cmwlth. 2017) (citations omitted)).

[8] Burley included issues not raised in his Rule 1925(b) Statement in his Supplemental Brief. The law is well established that "[a]ny issues not raised in a [Rule] 1925(b) [S]tatement will be deemed waived." *Commonwealth v. Costillo*, 888 A.2d 775, 780 (Pa. 2005) (quoting *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998)). To the extent Burley raised issues in his Supplemental Brief that were not included in his Rule 1925(b) Statement, those issues are waived and this Court did not consider them.

**Discussion**

Preliminarily, Appellees argue that Burley's appeal is untimely. Specifically, Appellees assert that, because the relevant trial court order was docketed on March 23, 2021, pursuant to Rule 903(a), Burley's appeal was due by April 22, 2021. Appellees contend that, since Burley's Notice of Appeal is dated April 24, 2021, it was untimely and this Court is divested of jurisdiction. Burley rejoins that, because he did not receive the trial court's March 23, 2021 order until on or around April 19, 2021, his appeal was timely.

A review of the trial court's docket reveals that the trial court mailed its March 23, 2021 order to Burley on March 23, 2021. *See* March 23, 2021 trial court docket entry ("3/23/[20]21; EXIT[] TO PLTF . . . ."), O.R. at 3. However, the trial court's April 6, 2021 docket entry reflects: "RETURN OF SERVICE FILED; ORDER 03/23/[20]21 RETURNED FROM . . . BURLEY []-UNABLE TO FORWARD- RE-MAILED ON 4/6/[20]21[.]" *Id*. Further, the trial court's April 16, 2021 docket entry declares: "RETURN OF SERVICE FILED; RE-MAILED TO CORRECT CONTROL #C2340579 ON 4/19/[20]21 (REQUESTED ORDER OF COURT)[.]" *Id*.

"Generally, . . . an appeal *nunc pro tunc* is granted only where there was 'fraud or a breakdown in the court's operations through a default of its officers.'" *Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Review of Allegheny Cnty.*, 746 A.2d 581 (Pa. 2000) (quoting *Bass v. Commonwealth*, 401 A.2d 1133, 1135 (Pa. 1979)). "[T]he law [] holds that a failure to properly *send* a notice may amount to a breakdown in operations which is the equivalent of negligence on the part of administrative officials." *Moore v. Pa. Bd. of Prob. & Parole*, 503 A.2d 1099, 1101 (Pa. Cmwlth. 1986); *see also Brown v. Hill* (Pa. Cmwlth. No. 388 C.D. 2018, filed Aug. 1, 2019) ("Failure to send notice of an order constitutes a breakdown in operations warranting *nunc pro tunc* relief."), slip op. at

7

7.[9]   Here, because the trial court's docket confirms that the trial court did not "properly *send*" Burley its March 23, 2021 order until at least April 6, 2021, this Court considers Burley's appeal a timely *nunc pro tunc* appeal.[10]  *Brown*, slip op. at 7.

## Access to Courts (Counts I and II)

Burley alleged in Amended Complaint Count I that Covert and Hilton denied Burley access to the law library and trained assistance, thereby denying him access to the courts.  Covert and Hilton objected to Count I on the basis that Burley was represented by Counsel in his criminal case.  The trial court, taking judicial notice of the docket entries indicating that Burley was, in fact, represented by Counsel in his criminal case, sustained that Preliminary Objection and dismissed Count I.

Burley first argues that the trial court erred by taking judicial notice of the fact that he was represented by Counsel in his criminal case and dismissing Burley's viable access to court claim on that basis, without taking judicial notice and considering that the case at bar is a civil matter in which Burley was pro se and, as such, was not represented by legal counsel at every time material to his claim.

Burley clearly confuses his right to access the courts claim with respect to actions that took place *prior to* the filing of his Amended Complaint (i.e., in connection with his criminal case, as claimed in his Amended Complaint), with the actions taken *after* the filing of the Amended Complaint when he was acting pro se. The fact that Burley is proceeding pro se in the instant action does not change the

---

[9] Unreported Commonwealth Court opinions issued after January 15, 2008, may be cited for their persuasive value.  *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).  *Brown* is cited for its persuasive value.

[10] It appears the trial court also considered Burley's appeal a timely *nunc pro tunc* appeal as the trial court did not raise the issue of an untimely appeal in its Rule 1925(a) Opinion.

fact that Counsel represented him in his criminal case and, therefore, does not affect the trial court's ruling sustaining Covert and Hilton's Preliminary Objection on that basis. Accordingly, Burley's argument that the trial court improperly dismissed Count I of the Amended Complaint is without merit.

Burley alleged in Amended Complaint Count II, in relevant part, that "**defendants** . . . with[he]ld [Burley's] legal mail[,]" thereby interfering with his communications with Counsel and impairing his right to access the courts. O.R. at 157 (emphasis added). The trial court did not address this portion of Count II. Covert and Hilton alleged a demurrer in their first Preliminary Objection pursuant to Civil Rule 1028(a)(4) to the entire Amended Complaint for failure to plead material facts.

It is well settled that a civil rights complaint must allege facts identifying "the conduct, time, place, and persons responsible." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Further, a "[p]laintiff must allege the **personal involvement** of each [d]efendant to state a claim against them under Section 1983[, 42 U.S.C. § 1983]." *Reed v. Chambersburg Area Sch. Dist.*, 951 F. Supp. 2d 706, 719 (M.D. Pa. 2013) (emphasis added). Here, because Burley did not allege who specifically withheld his mail, nor where or when the mail was withheld, Burley's argument that the trial court improperly dismissed Count II of the Amended Complaint is without merit.

## Dismissing With Prejudice

Burley next argues that the trial court erred by dismissing Burley's claims with prejudice, without consideration of Burley's pro se status and his lack of training in legal practice formalities and, by doing so, deprived Burley of his right to be heard and an opportunity to offer proof of his pro se allegations. Specifically, Burley contends that the trial court should have taken judicial notice of his

9

Supplemental Material Facts, and should have ruled on all of his outstanding motions, applications, and requests before sustaining the Preliminary Objections and dismissing his Amended Complaint. Further, Burley maintains that he should have been provided an opportunity to file a second amended complaint.

The Pennsylvania Supreme Court has explained:

Under Pennsylvania law, pro se [litigants] are subject to the same rules of procedure as are represented [litigants]. *See Commonwealth v. Williams*, . . . 896 A.2d 523, 534 ([Pa.] 2006) (pro se [litigants] are held to same standards as licensed attorneys). Although the courts may liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written pro se submission than is fairly conveyed in the pleading.

*Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014) (italics omitted); *see also Young v. Est. of Young*, 138 A.3d 78 (Pa. Cmwlth. 2016).

Further,

[w]here, as here, a defendant files preliminary objections to a plaintiff's complaint in the nature of a demurrer, *see* Pa.R.Civ.P. 1028(a)(4), the court's review is confined to the content of the complaint and any attachments thereto. *Thomas v. Corbett*, 90 A.3d 789 (Pa. Cmwlth. 2014). Thus, the court may determine only whether, on the basis of the plaintiff's allegations, he or she possesses a cause of action recognized at law. *Id.* The court may not consider the factual merits of the claims. *Schmidt v. Deutsch Larrimore Farnish & Anderson, LLP*, 876 A.2d 1044, 1046 (Pa. Super. 2005). Rather, the court "must accept as true all well-pleaded material allegations in the [complaint], as well as all inferences reasonably deduced therefrom." *GTECH Corp*[.] *v. Commonwealth*, 965 A.2d 1276, 1285 (Pa. Cmwlth. 2009) (*citing Stanton-Negley Drug Co. v. Dep*[']*t of Pub*[.] *Welfare*, 927 A.2d 671, 673 (Pa. Cmwlth. 2007)). The court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Id.*

10

*Fraternal Ord. of Police Lodge No. 5, by McNesby v. City of Phila.*, 267 A.3d 531, 541-42 (Pa. Cmwlth. 2021).

> Moreover,

> [Civil] Rule 1033 . . . allows a party to amend his or her pleadings with either the consent of the adverse party or leave of the court. **Leave to amend lies within the sound discretion of the trial court** and "the right to amend should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party.

*Werner v. Zazyczny*, 681 A.2d 1331, 1338 (Pa. 1996) (emphasis added) (quoting *Connor v. Allegheny Gen. Hosp.*, 461 A.2d 600, 602 (Pa. 1983)).

Here, Appellees filed their respective briefs contemporaneously with their respective Preliminary Objections (i.e., Covert and Hilton filed their brief on November 23, 2020, and Zarilla filed his brief on December 2, 2020). Thereafter, while Appellees' Preliminary Objections were pending, Burley filed a total of seven applications, requests, and motions, plus three supplemental filings. On February 8, 2021, the trial court expressly set forth a briefing schedule for the Preliminary Objections so that Burley was aware that he was required to file a brief in response to both sets of Preliminary Objections to the Amended Complaint, and directed that they be filed on or before March 15, 2021. The trial court also informed Burley that it would rule on the Preliminary Objections thereafter.

> The trial court opined:

> The docket entries in this case reflect that [Burley] had the opportunity to [and did] file his original Complaint in Mandamus [(Complaint)] on June 22, 2020, that Preliminary Objections were filed to that [C]omplaint on behalf of [Appellees], and that subsequently, [Burley] had an opportunity and did file an Amended Complaint[.] . . . The [t]rial [c]ourt is under no obligation to provide, even a pro se litigant, unlimited opportunities to present [his] claims in accordance with the [Civil Rules] and

11

appropriate, substantive law. [Burley] had an opportunity to file an Amended Complaint, [Appellees] had the opportunity to respond to that [Amended C]omplaint with Preliminary Objections and the [trial c]ourt ruled on the Preliminary Objections as stated in the [o]pinion and [o]rder of March [23], 2021.

Rule 1925(a) Op. at 4.

The trial court properly reviewed the Amended Complaint and determined, "on the basis of [Burley's] allegations," that the Amended Complaint did not make out any cognitive claims. *McNesby*, 267 A.3d at 541.

Moreover, a court is not required to allow amendment of a pleading if a party will be unable to state a claim on which relief could be granted. *See Spain v. Vicente*, . . . 461 A.2d 833, 837 ([Pa. Super.] 1983) (trial court did not err in refusing to permit amendment of defamation complaint to allow more specific details since no formal motion to amend was ever made and plaintiff's deposition militated against likelihood of establishing claim). Thus, [Burley's] claim must fail.

*Werner*, 681 A.2d at 1338. Accordingly, Burley's argument that the trial court erred by dismissing his claims with prejudice is meritless.

## Conclusion

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

12

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Lamont Burley, Jr.,       :
            Appellant       :
                     :
       v.               :
                     :
Jason Hilton, Brian Covert,     :   No. 934 C.D. 2021
and Nicholas Zarilla         :

## O R D E R

AND NOW, this 30th day of June, 2022, the Lawrence County Common Pleas Court's March 23, 2021 order is affirmed.

_____

ANNE E. COVEY, Judge