**STANTON–NEGLEY DRUG COMPANY, t/d/b/a Stanton–Negley Legend Drug, Petitioner**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 27, 2007.

Decided June 5, 2007.

---

Sallie A. Rodgers, Sr. Asst. Counsel and Allen C. Warshaw, Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Stanton–Negley Drug Company, t/d/b/a Stanton–Negley Legend Drug (Stanton) petitions for review of a decision of the Department of Public Welfare (DPW) which determined that Stanton failed to file a timely protest in connection with the solicitation of a contract. We reinstate Stanton's protest and remand.

On October 5, 2006, DPW invited prospective offerors to submit a proposal for RFP No. 31–06, Specialty Drug Program, in accordance with the request for proposal. The parties stipulated that Stanton received RFP No. 31–06 on October 9, 2006. The initial deadline for receipt of proposals was no later than two o'clock p.m. on November 3, 2006. However, this deadline was changed from November 3, 2006 to no later than two o'clock p.m. on November 9, 2006.

On November 3, 2006, Stanton, as a potential aggrieved offeror of the services sought to be provided by RFP No. 31–06, filed a protest with DPW via fax at 5:37 p.m.[1] In addition, Stanton mailed a copy of its protest and the parties stipulated that it was received by DPW prior to November 9, 2006. Stanton set forth seventeen grounds as the basis for the protest.

By letter dated November 8, 2006, DPW determined that Stanton's protest was untimely pursuant to Section 1711.1(b) of the Procurement Code, 62 Pa.C.S. § 1711.1(b). In its determination, DPW relied upon the language in Section 1711.1(b) which provides that "[i]f the protestant is a bidder or offeror or a prospective contractor, the protest shall be filed with the head of the purchasing agency within seven days after the aggrieved bidder or offeror or prospective contractor knew or should have known of the facts giving rise to the protest...." DPW found that all the grounds in the protest were known or should have been known by Stanton upon issuance of RFP No. 31–06 on October 5, 2006. According-

---

1. Section 1711.1(a) of the Commonwealth Procurement Code provides that "[a] bidder or offeror, a prospective bidder or offeror or a prospective contractor that is aggrieved in connection with the solicitation or award of a contract, ..., may protest to the head of the purchasing agency in writing." 62 Pa.C.S. § 1711.1(a).

ly, DPW determined that Stanton was required to file a protest by October 12, 2006. This appeal followed.[2]

Herein, Stanton argues that DPW's denial of its protest as untimely was arbitrary and capricious, an abuse of discretion and contrary to law.[3]

The full text of Section 1711.1(b) provides as follows:

> (b) FILING OF PROTEST.—If the protestant is a bidder or offeror or a prospective contractor, the protest shall be filed with the head of the purchasing agency within seven days after the aggrieved bidder or offeror or prospective contractor knew or should have known of the facts giving rise to the protest except that in no event may a protest be filed later than seven days after the date the contract was awarded. *If the protestant is a prospective bidder or offeror, a protest shall be filed with the head of the purchasing agency prior to the bid opening time or the proposal receipt date.* If a bidder or offeror, a prospective bidder or offeror or a prospective contractor fails to file a protest or files an untimely protest, the bidder or offeror, the prospective bidder or offeror or the prospective contractor shall be deemed to have waived its right to protest the solicitation or award of the contract in any forum. Untimely protests shall be disregarded by the purchasing agency.

62 Pa.C.S. § 1711.1(b) (emphasis added).

The record in this matter reveals that Stanton filed its protest as an aggrieved prospective offeror of the services sought to be provided by RFP No. 31–06. Moreover, DPW does not dispute the fact that Stanton did not submit a proposal in response to the invitation issued by DPW on October 5, 2006 for RFP No. 31–06. As such, Stanton is considered a prospective offeror and DPW recognizes in its brief to this Court that Section 1711.1(b) imposes a time limitation on protests filed by those, such as Stanton, who are not an actual offeror to a request for proposal. However, DPW characterizes the limitation as an "additional" limitation. Upon review of the plain language of Section 1711.1(b), we conclude that the time limitation directed to prospective bidders or offerors is not an "additional" limitation, as DPW suggests, but a limitation separate and apart from the limitation applicable to an actual bidder or offeror.

Section 1711.1 clearly refers throughout to bidders and offerors and prospective bidders and offerors as separate categories. In addressing the time limitation for filing a protest with respect to actual bidders and offerors and prospective bidders and offerors, Section 1711.1(b) sets forth separate time limitations for each category. As Stanton is a prospective offeror in this instance, the language of Section 1711.1(b) which provides that "[i]f the protestant is a prospective bidder or offeror, a protest shall be filed with the head of the purchasing agency prior to the bid opening time or the proposal receipt date," is applicable herein.

---

**2.** On December 12, 2006, Stanton filed an Application for Stay or Injunctive Relief Pending Appeal which this Court denied by order of March 6, 2007.

**3.** Section 1711.1(i) provides that this Court's standard of review of an appeal from the denial of a protest is as follows:

> The court shall hear the appeal, without a jury, on the record of determination certified by the purchasing agency. The court shall affirm the determination of the purchasing agency unless it finds from the record that the determination is arbitrary and capricious, an abuse of discretion or is contrary to law.
> 62 Pa.C.S. § 1711.1(i).

Therefore, Stanton had until the proposal receipt date, which was November 9, 2006, to file its protest. As the parties have stipulated that Stanton filed its protest on November 3, 2006 via fax and that a mailed copy was received by DPW prior to November 9, 2006, the protest was timely.

Accordingly, we conclude that DPW's determination that Stanton's protest was untimely is contrary to law. As such, we reinstate Stanton's protest and remand for consideration by DPW of the merits of the protest.

Judge SIMPSON, dissents.

### *ORDER*

AND NOW, this 5th day of June, 2007, the protest of Stanton–Negley Drug Company, t/d/b/a Stanton–Negley Legend Drug, to the Department of Public Welfare's Request for Proposal No. 31–06 is REINSTATED and this matter is REMANDED for proceedings in accordance with the foregoing opinion.

Jurisdiction relinquished.