STANTON–NEGLEY DRUG COM-
PANY, t/d/b/a Stanton–Negley
Legend Drug, Petitioner

v.

PENNSYLVANIA DEPARTMENT OF
PUBLIC WELFARE, a governmental
entity; Estelle B. Richman, Secretary
of Pennsylvania Department of Public
Welfare, in her official capacity; Of-
fice of Medical Assistance Programs,
a governmental entity; James L. Har-
dy, Acting Deputy Secretary of the
Office of Medical Assistance Pro-
grams, in his official capacity; Office
of Administration Contract Policy,
Management and Procurement, a gov-
ernmental entity; and Daniel R. Boyd,
the Official–in–Charge of the Office
of Administration, Contract Policy
Management and Procurement, in his
official capacity, Respondents.

Commonwealth Court of Pennsylvania.

Argued April 10, 2007.

Decided April 25, 2007.

Publication Ordered June 22, 2007.

Monte J. Rabner, Pittsburgh, for peti-
tioner.

Doris M. Leisch, Philadelphia, for re-
spondent, Department of Public Welfare.

BEFORE: PELLEGRINI, Judge,
COHN JUBELIRER, Judge, and
KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Presently before this Court for disposi-
tion are the Amended Preliminary Objec-
tions to Stanton–Negley Drug Company's
(Stanton) Complaint for Injunctive and De-
claratory Relief. The amended prelimi-
nary objections were filed by: the Penn-
sylvania Department of Public Welfare
(DPW); Estelle B. Richman, Secretary of

Pennsylvania Department of Public Welfare, in her official Capacity; the Office of Medical Assistance Programs; James L. Hardy, Acting Deputy Secretary of the Office of Medical Assistance Programs, in his official capacity; the Office of Administration Contract Policy, Management and Procurement; and Daniel R. Boyd, the Official–in–Charge of the Office of Administration, Contract Policy Management and Procurement, in his official capacity (hereinafter referred to as "Respondents").[1]

Stanton is a drug company that operates a pharmacy in Pittsburgh which participates in the Medicare and Medical Assistance Programs. On November 8, 2006, Stanton filed, in this Court's original jurisdiction, a complaint for injunctive and declaratory relief.[2] Therein, Stanton states that DPW enacted the Specialty Pharmacy Drug Program (Program) and issued a Request for Proposal (RFP) No. 31–06 under the Program. Stanton states that the Program seeks to limit the number of preferred providers of a number of prescription medications referred to as "specialty drugs"[3] to Medical Assistance recipients to two contractors. Stanton alleges that the conditions and requirements of the RFP eliminate local pharmacies, such as Stanton, from participating in the bidding process and thus from securing a

contract for continuing to provide such specialty drugs to medical assistance recipients. Stanton alleges that its anticipated loss of business and revenue as a result of such Program and the conditions and requirements of RFP No. 31–06 is estimated at 20–25%.

In Count I, Stanton requests that this Court enter judgment against the Respondents and declare that the Program, the procurement of RFP No. 31–06 pursuant to the Program, and/or RFP No. 31–06 separately are unlawful in violation of both Federal and State Constitutions, the Social Security Act, Federal and State anti-trust laws and regulations as well as other Federal and State laws and regulations. In Count II, Stanton seeks preliminary and permanent injunctive relief enjoining the Respondents from implementation of the Program, procurement of RFP No. 31–06 pursuant to the Program, from further considering already submitted proposals pursuant to RFP No. 31–06, from further soliciting proposals pursuant to RFP No. 31–06 pending adjudication of the validity of the Program and RFP No. 31–06, and such other proper relief.

Respondents initially filed preliminary objections on December 11, 2006. On January 13, 2007, Respondents filed amended preliminary objections.

---

1. On April 10, 2007, Respondents filed an application for expedited consideration of the amended preliminary objections which is granted.

2. Stanton also filed a petition for preliminary injunction. After a hearing on December 19, 2006 on the petition for preliminary injunction, J. Feudale entered an order on March 6, 2007, granting the petition for preliminary injunction in part. Therein, J. Feudale ordered that DPW is preliminarily enjoined from any interference with Stanton's participation in "specialty service" as defined in this matter during the pendency of the present matter. In all other respects, the request for preliminary injunctive relief was denied.

3. Stanton alleges that "specialty drugs" are medications that require a set of services for access not typically provided in a traditional outpatient pharmacy setting, are generally biotechnical in nature and include, but are not limited to injectables, infusibles, drugs that are environmentally sensitive and require special handling, drugs typically administered on a long term basis to treat chronic diseases. The drugs are high cost, are associated with complex dosing regimens, and frequently require patient education monitoring and clinical supports.

Initially, we note that in ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. *Meier v. Maleski,* 167 Pa.Cmwlth. 458, 648 A.2d 595 (1994). The court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Id.* In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *Id.*

In its first preliminary objection, Respondents' object to the complaint on the basis that this Court lacks original jurisdiction because Stanton's exclusive remedy is to file a bid protest as specified in the Procurement Code, 62 Pa.C.S. §§ 101–4509. In support, Respondents argue that Stanton has improperly invoked this Court's original jurisdiction. Respondents contend that the allegations of Stanton's complaint are a direct challenge to the solicitation for specialty pharmacy drug services; therefore, Stanton must follow the procedures prescribed in the Procurement Code rather than invoking this Court's original jurisdiction. Respondents point out that Section 1711.1(1) of the Procurement Code, 62 Pa.C.S. § 1711.1(1), confers a right of protest on "[a]n actual or prospective bidder, offeror or contractor who is aggrieved in connection with the solicitation or award of a contract." Respondents contend that Stanton is a prospective offeror; thus, Stanton must avail itself of the bid protest procedures. Respondents note further that Stanton did file a bid protest as well as a petition for review with this Court appealing the outcome of that protest. *See Stanton–Negley Drug Company, t/d/b/a Stanton–Negley Legend Drug v. Department of Public Welfare,* 926 A.2d 554 (Pa.Cmwlth.2007). Therefore, Respondents argue that Stanton not only has a forum and process available to challenge the terms and conditions of RFP No. 31–06 but has taken advantage of that process. We agree.

■ As pointed out by Respondents, Section 1711.1 of the Procurement Code provides a general right of protest to "[a]n actual or prospective bidder, offeror or contractor who is aggrieved in connection with the solicitation or award of a contract." The aggrieved party may protest to the head of the purchasing agency[4] in writing. Section 1711.1(b) of the Procurement Code. Section 1711.1(*l*) provides that Section 1711.1 "shall be the exclusive procedure for protesting a solicitation or award of a contract by a bidder or offeror[,] a prospective bidder or offeror, or a prospective contractor that is aggrieved in connection with the solicitation or award of a contract." Thus, as this Court has previously held, the Procurement Code sets forth the mandatory and exclusive remedy for disappointed bidders, offerors, prospective bidders or offerors, and prospective contractors, to challenge the solicitation or award of a contract. *See MSG Group, Inc. v. Department of Public Welfare,* 902 A.2d 613 (Pa.Cmwlth.2006) (Aggrieved prospective bidder); *Pennhurst Medical Group v. Department of Public Welfare,* 796 A.2d 423 (Pa.Cmwlth.2002) (disappointed bidder); and *Direnzo Coal Company v. Department of General Services,*

---

4. "Purchasing agency" is defined as a "Commonwealth agency authorized by this part or by other law to enter into contracts for itself or as the agent of another Commonwealth agency. When purchasing for another Commonwealth agency, the purchasing agency acts on behalf of the principal which needs the supplies, services and construction and shall coordinate and cooperate with that agency." Section 103 of the Procurement Code, 62 Pa.C.S. § 103.

779 A.2d 614 (Pa.Cmwlth.2001) (disappointed bidder).

In its complaint, Stanton states that it is a corporation which has been conducting a business of providing and operating the delivery and administration of various medications including those sought to be covered by the Program and RFP No. 31–06 through the Commonwealth and that it has been a participant of Medicaid and Medical Assistance Programs for over forty years. Therefore, Stanton is an offeror. Therefore, Stanton's exclusive remedy for protesting the solicitation or award of a contract pursuant to RFP No. 31–06 is pursuant to the Procurement Code, not an action brought in this Court's original jurisdiction.

As stated previously herein, Stanton has already availed itself of the exclusive remedy provided by the Procurement Code. On November 22, 2006, Stanton filed a petition for review in our appellate jurisdiction at this Court's Docket Number 2176 CD 2006 challenging the denial of its bid protest with respect to RFP No. 31–06.

Accordingly, we sustain Respondents' first preliminary objection, lack of jurisdiction, and dismiss Stanton's complaint.[5]

---

**5.** Based on our resolution of Respondents' first preliminary objection we need not address the remaining amended preliminary objections which are as follows:

(1) Stanton does not have taxpayer standing;

(2) Stanton does not have standing to assert claims on behalf of Medical Assistance recipients;

(3) Stanton has failed to specify the provisions of the Procurement Code on which it purports to base its claim;

(4) Stanton has failed to state a claim upon which relief may be granted because DPW has complied with the Procurement Code in issuing Request for Proposal (RFP) 31–06 for a Specialty Pharmacy Program for Medical Assistance recipients;

(5) Stanton has failed to state a claim upon which relief can be granted because the terms and conditions of RFP 31–06 do not violate the Commonwealth's policy regarding small and disadvantaged businesses;

(6) Stanton has failed to state a claim upon which relief can be granted because the Commonwealth Antibid–Rigging Act, 62 Pa.C.S. §§ 4501–4509, governs the actions of private offerors, bidders, and prospective offerors or bidders, not the actions of government agencies;

(7) Stanton has failed to state a claim upon which relief can be granted because private individuals or entities, such as Stanton, cannot enforce the Antibid–Rigging Act;

(8) Stanton has failed to state a claim upon which relief can be granted because it has not alleged and cannot establish that DPW engaged in any of the activities prohibited by the Antibid–Rigging Act;

(9) Stanton has failed to state a claim upon which relief can be granted because Section 1902(a)(30)(A) of the Social Security Act, 42 U.S.C. § 1396a(a)(30)(A), is not privately enforceable by providers enrolled in the Medical Assistance Program;

(10) Stanton has failed to state a claim upon which relief can be granted because Section 1902(a)(23) of the Social Security Act, 42 U.S.C. § 1396a(a)(23), is not privately enforceable by providers enrolled in the Medical Assistance Program;

(11) Stanton has failed to state a claim upon which relief can be granted because Section 1902(a)(23) of the Social Security Act, 42 U.S.C. § 1396a(a)(23), does not apply to the Specialty Pharmacy Program;

(12) Stanton has failed to state a claim upon which relief can be granted because DPW was not required to obtain federal approval for the Specialty Pharmacy Program before issuing RFP 31–06;

(13) Stanton has failed to state a claim upon which relief can be granted because DPW is immune from antitrust liability;

(14) Stanton has failed to state a claim upon which relief can be granted because it has not alleged and cannot establish that DPW engaged in any action that violated Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, or any provision of State or Federal antitrust law;

(15) Stanton has failed to state a claim upon which relief can be granted because it has failed to allege and cannot establish a violation of its rights to equal protection or due process under the U.S. or Pennsylvania Constitutions; and

## ORDER

AND NOW, this 25th day of April, 2007:

1. The Application of Respondents for Expedited Consideration of the Preliminary Objections is GRANTED;

2. Respondents First Preliminary Objection, Lack of Jurisdiction, is SUSTAINED and Petitioner's Complaint for Injunctive and Declaratory Relief is DISMISSED.

(16) Stanton has failed to state a claim upon which relief can be granted based on proposed legislation that has not been enacted.