FAST ENTERPRISES, LLC, Petitioner

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF GENERAL SERVICES, Respondent.

Commonwealth Court of Pennsylvania.

Argued Dec. 6, 2010.
Decided Jan. 5, 2011.

Bridget E. Montgomery and Kevin M. Skjoldal, Harrisburg, for Petitioner.

Michael C. Barrett, Senior Counsel, Harrisburg, for Respondent.

BEFORE: LEADBETTER, President Judge, and McCULLOUGH, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Fast Enterprises, LLC (Protestor) has filed an Amended Petition for Review (Petition) in this court's original jurisdiction or, in the alternative, in this court's appellate jurisdiction. The Commonwealth of Pennsylvania, Department of General Services (DGS) has filed preliminary objections to the Petition to the extent it is filed in this court's original jurisdiction and a motion to quash to the extent it is filed in this court's appellate jurisdiction. We sustain the preliminary objections and grant the motion to quash.

Protestor alleges the following relevant facts. In April 2009, DGS issued a Request for Proposals (RFP) for an Integrated Tax System, including both hardware and software, for the Department of Revenue. Protestor responded and offered its proprietary product GenTax. Several other entities that responded offered the SAP TRM (Tax Revenue Management) system. In December 2009, DGS informed Protestor that it had cancelled the RFP. (Petition, ¶¶ 4, 6–7, 11.)

In January 2010, DGS issued a new RFP, designating SAP TRM as the desired integrated tax system software. As a result, Protestor was unable to respond. On January 15, 2010, Protestor submitted a *pro se* protest (the January Protest), requesting that DGS cancel the RFP and issue another allowing consideration of software other than SAP TRM. On February 3, 2010, the Chief Procurement Officer issued a response, arguing that the protest was untimely and without merit.

On February 16, 2010, Protestor, having engaged counsel two days prior to the reply due date, submitted a reply. (Petition, ¶¶ 12–17.)

On February 18, 2010, the Deputy Secretary for Procurement and Administration (Deputy Secretary) denied the January Protest. The Deputy Secretary determined that the protest was timely, but that the decision of DGS to specify SAP TRM as the desired software was not arbitrary or capricious and was in the best interests of the Commonwealth. This was the first time DGS gave any explanation for its sole source procurement of the SAP TRM software. (Petition, ¶¶ 18–19.)

Having disposed of the January Protest, DGS rescheduled the opening of the proposals to March 12, 2010. On March 11, 2010, Protestor, with the benefit of counsel, filed a second protest (the March Protest) and requested a hearing. Protestor argued that: (1) the RFP does not comply with the requirements for sole source procurement; (2) Protestor could provide a far less expensive software solution; (3) specifying SAP TRM is arbitrary and capricious given the less expensive GenTax product; and (4) the Commonwealth gains nothing from the sole source procurement of SAP TRM. (Petition, ¶¶ 20–23.)

In a letter dated March 16, 2010, the Deputy Secretary stated:

[The January Protest] of RFP 6100009295, which was docketed at 2010–01, was denied as clearly without merit on February 18, 2010. [Protestor] did not appeal that determination. [Protestor] cannot file a second protest of the same RFP which contains the same grounds or even new grounds. A protest must contain all grounds upon which the protesting party asserts that the RFP was improper. [Section 1711.1(c) of the Commonwealth Procure-

ment Code (Procurement Code),] 62 Pa. C.S. Section 1711.1(c).

The February 18, 2010 protest decision is final and conclusive since no appeal was filed within 15 days after the mailing date of the protest decision. Accordingly, the letter that you submitted, dated March 11, 2010, will not be considered or docketed as a protest.

(Petition, Ex. I; *see also* ¶ 24.)

Protestor subsequently filed the Petition. Count I is in the nature of a request for mandamus filed in this court's original jurisdiction. Protestor seeks an order to compel DGS to docket, consider and issue a decision on the March Protest as required by law. (Petition at 12.) Count II is in the nature of a petition for review of the March 16 letter refusing to docket or consider the March Protest. Protestor asserts that the deemed denial of the March Protest was arbitrary, capricious and contrary to law. (Petition at 13.)

DGS has filed preliminary objections to Count I, arguing, *inter alia,* that this court lacks original jurisdiction over the matter because Protestor failed to exhaust statutory remedies, i.e., because Protestor failed to appeal the denial of the January Protest, which was required to state all grounds for objecting to the RFP. DGS has filed a motion to quash Count II on the same grounds.

**I. Preliminary Objections to Count I**

█ DGS argues that this court should dismiss the Count I mandamus action for lack of original jurisdiction because Protestor has a statutory remedy, i.e., an appeal from the deemed denial of the March Protest. We agree.

█ Those matters that our legislature has placed within our appellate jurisdiction are excluded from our original jurisdiction. *Pennsylvania Department of Aging v.* *Lindberg,* 503 Pa. 423, 429, 469 A.2d 1012, 1015–16 (1983). Section 1711.1(g) of the Procurement Code provides that, "[w]ithin 15 days of the mailing date of a final determination denying a protest, a protestant may file an appeal with Commonwealth Court." 62 Pa.C.S. § 1711.1(g).

The only question is whether the Deputy Secretary's March 16, 2010, letter was a final determination denying the March Protest. The Deputy Secretary stated in the letter that DGS refused to consider or docket the March Protest, and the Deputy Secretary provided a reason for that decision based on the statutory procedure. Thus, the letter was a final determination denying the March Protest on a procedural basis. Because the legislature placed Protestor's challenge to the March 16, 2010, letter in our appellate jurisdiction, it is excluded from our original jurisdiction.

**II. Motion to Quash Count II**

DGS next argues that this court should quash the Count II appeal from the deemed denial of the March Protest because Protestor filed a previous protest, which was to raise all issues, and did not appeal its denial. We agree.

█ Section 1711.1(c) of the Procurement Code provides that "[a] protest shall state all grounds upon which the protestant asserts the solicitation . . . of the contract was improper." 62 Pa.C.S. § 1711.1(c). Here, the January Protest and the March Protest both challenged the solicitation of a contract for an Integrated Tax System. By statute, the January Protest was to state all grounds upon which Protestor claimed the solicitation was improper. Thus, when DGS denied the January Protest and Protestor failed to appeal, Protestor waived any other ground for challenging the RFP. Although this court does have appellate jurisdiction to review a final determination denying a

protest, Protestor has not preserved any issues for appellate review.

Accordingly, we sustain the preliminary objections to Count I, and grant the motion to quash Count II.

### ORDER

AND NOW, this 5th day of January, 2011, it is hereby ordered that the preliminary objection of Respondent to Count I of the amended petition for review, filed by Petitioner in this court's original jurisdiction, is sustained; Count I of the amended petition for review is dismissed for lack of original jurisdiction. In addition, it is hereby ordered that Respondent's motion to quash Count II is granted.