IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Famularo Catering, Inc.,          :
                                     : No. 1620 C.D. 2014
                Petitioner    : Argued: September 17, 2015
                                       :
               v.                :
                                       :
Commonwealth, Department of    :
Labor and Industry, Office of     :
Unemployment Compensation      :
Tax Services,                       :
                                       :
              Respondent   :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION BY SENIOR JUDGE FRIEDMAN        FILED: October 16, 2015

Famularo Catering, Inc. (Famularo) petitions for review of the July 21, 2014, order of the Department of Labor and Industry (Department) denying Famularo's petition for reassessment of unemployment compensation (UC) taxes assessed by the Department's Office of Unemployment Compensation Tax Services (OUCTS). We affirm.

Famularo is a catering company that has a contract to cater at Pocono International Raceway (Raceway). Famularo staffs approximately 90 food stations around the Raceway. Famularo hires people to work at the Raceway every summer for two races, over the course of two weekends. These individuals work one to five

days, performing such tasks as setting up and breaking down food stations, transporting food, and stocking serving items. These individuals also have other full-time and part-time employment as teachers, accounting office workers, and cable company employees. (Findings of Fact, Nos. 1-3.)

In February 1998, the Pennsylvania Department of Revenue (Department of Revenue) sent Famularo a letter after it had audited Famularo. (*Id.*, No. 4.) Department of Revenue informed Famularo that certain individuals who worked for Famularo at the Raceway, but who were not hired full-or part-time, were considered "casual laborers." (*Id.*; Ex. P-1.) Based on the letter, Famularo believed that "casual laborers" were not taxed the same as full- or part-time employees. (Findings of Fact, No. 5; N.T., 11/04/10, at 46-47, 53.) Although Famularo issued an Internal Revenue Service (IRS) 1099 tax form to anyone who worked at the Raceway and earned more than $600 during a calendar year, Famularo only paid UC taxes on its full- and part-time employees' wages. (Findings of Fact, No. 6; N.T., 11/04/10, at 48.) Famularo did not pay any UC taxes on wages paid to workers whom it considered to be "casual laborers." (Findings of Fact, No. 7; N.T., 11/04/10, at 46-49.)

In 2009, Gail Bullaro, a tax agent for the Department, conducted an audit of Famularo for the period of 2006 through the first quarter of 2009. (Findings of Fact, No. 8.) During the course of the audit, Bullaro discovered that Famularo had not reported wages for a number of individuals to whom Famularo had issued IRS 1099 tax forms. (*Id.*, No. 9; N.T., 11/04/10, at 16-17.) Famularo's accountant provided Bullaro with a ledger that listed the wages for those persons whom

2

Famularo considered to be "casual laborers." (Findings of Fact, No. 11; N.T., 11/04/10, at 21-22.) On October 8, 2009, OUCTS issued a notice of assessment against Famularo in the amount of $37,008.23 for employee contributions, as well as interest and penalties. (Findings of Fact, No. 12.) All of the figures used in OUCTS's assessment were provided by Famularo. (*Id.*) On October 26, 2009, Famularo mailed OUCTS a petition for reassessment.

On November 4, 2010, a Department hearing officer conducted a hearing.[1] Famularo's owner appeared, *pro se*, and testified on Famularo's behalf. Bullaro testified on behalf of OUCTS. On July 21, 2014, the Department issued a final decision and order denying Famularo's appeal. The Department stated that it could only apply the exemptions for UC tax established by the Unemployment Compensation Law (Law),[2] which did not include an exemption for "casual laborers." (Department's Final Decision at 4.) The Department credited Bullaro's testimony regarding the individuals whose wages Famularo did not report. (*Id.* at 5.) The Department also found that the individuals at issue were not independent contractors under the Law because the record established that the individuals were not customarily engaged in an independent trade of support for caterers. (*Id.* at 6.) Famularo now petitions this court for review.[3]

---

[1] At the beginning of the hearing, the hearing officer stated that she would actually conduct two distinct hearings because Famularo had also appealed an assessment by OUCTS covering all of 2005. However, the record contains only one transcript.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§751-914.

[3] This court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

3

Famularo argues that the Department erred in concluding that the individuals were engaged in employment under section 4(*l*)(2)(B) of the Law, 43 P.S. §753(*l*)(2)(B),[4] because OUCTS did not satisfy its burden of showing that the individuals performed services for wages. Specifically, Famularo argues that OUCTS did not prove an employer-employee relationship between Famularo and the individuals. We disagree.

In determining whether an individual is engaged in "employment" or in the work of an independent contractor under section 4(*l*)(2)(B) of the Law, OUCTS bears the initial burden of showing that the individual provided services in exchange for wages.[5] *Tobey-Karg Sales Agency, Inc. v. Pennsylvania Department of Labor and Industry*, 34 A.3d 899, 903 (Pa. Cmwlth. 2011). "[A] person receiving remuneration for services rendered is *presumed* to be employed and therefore to have 'employment' within the meaning of the [Law] . . . ." *Electrolux Corporation v. Department of Labor and Industry, Bureau of Employer Tax Operations*, 705 A.2d

---

[4] Section 4(*l*)(2)(B) of the Law provides in relevant part:

> Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that--(a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

43 P.S. §753(*l*)(2)(B).

[5] "Wages" is defined as "remuneration . . . paid by an employer to an individual with respect to his employment." Section 4(x) of the Law, 43 P.S. §753(x). "Employment" is defined as "all personal service performed for remuneration by an individual under any contract of hire, express or implied, written or oral." Section 4(*l*)(1) of the Law, 43 P.S. §753(*l*)(1).

4

1357, 1359-60 (Pa. Cmwlth. 1998) (emphasis added). Once OUCTS meets its burden, the burden shifts to the employer to show that the individual "'(a) has been and will continue to be free from control or direction over the performance of his or her services [a]nd (b) is customarily engaged in an independent trade.'" *Tobey-Karg*, 34 A.3d at 903 (citation omitted). Unless the employer proves both elements, the presumption of employment stands. *Beacon Flag Car Company (Doris Weyant) v. Unemployment Compensation Board of Review*, 910 A.2d 103, 107 (Pa. Cmwlth. 2006).

Here, the Department credited Bullaro's testimony that Famularo issued IRS 1099 tax forms to certain individuals but did not report those individuals' wages to the Department. Although Famularo's owner disputed the status of these individuals, he acknowledged that Famularo hired them and paid them for their services. Contrary to Famularo's argument, OUCTS need only show that the individuals received remuneration in exchange for their services. *Electrolux*, 705 A.2d at 1359-60. Based on the testimony of Bullaro and Famularo's owner, we agree with the Department that OUCTS met its burden. Although the burden then shifted to Famularo, Famularo fails to argue that it met both elements under section 4(*l*)(2)(B) of the Law.[6] Therefore, the Department properly concluded that the

---

[6] Even if Famularo had argued that it met its burden, Famularo's owner testified that the individuals only worked for Famularo a few days per year. Therefore, the individuals were not customarily engaged in an independent trade, occupation, profession, or business. *See Minelli v. Unemployment Compensation Board of Review*, 39 A.3d 593, 598 (Pa. Cmwlth. 2012) (*en banc*) (holding that an individual was not customarily engaged in an independent trade, occupation, profession, or business where she only worked for the employer for three days).

5

individuals at issue were engaged in "employment" under section 4(*l*)(2)(B) of the Law.[7]

    Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

_____

[7] At the Department hearing, Famularo also argued that Department of Revenue's 1998 letter excuses it from paying UC taxes on the individuals. Because Famularo failed to include this issue in its brief, it is waived. *See* Pa. R.A.P. 2116. Even if Famularo had not waived this issue, the Law does not provide a UC tax exemption for "casual laborers."

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Famularo Catering, Inc.,          :
                              : No. 1620 C.D. 2014
               Petitioner    :
                              :
          v.                  :
                              :
Commonwealth, Department of    :
Labor and Industry, Office of      :
Unemployment Compensation      :
Tax Services,                 :
                              :
             Respondent   :

## O R D E R

AND NOW, this 16<u>th</u> day of <u>October</u>, 2015, we hereby affirm the July 21, 2014, order of the Department of Labor and Industry.

_____
ROCHELLE S. FRIEDMAN, Senior Judge