IN THE COMMONWEALTH COURT OF PENNSYLVANIA

FREMCO Associates, LLC, : 
Richard Robson, in his own right as : 
shareholder and as POA for : 
James Robson, : 
                Petitioners : 
  : 
          v. :   No. 193 M.D. 2020
  :   Submitted: January 15, 2021
Department of Revenue of PA : 
Unemployment Compensation Audit : 
Division, : 
             Respondent : 


BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE J. ANDREW CROMPTON, Judge

OPINION
BY JUDGE LEAVITT[1]                            FILED: June 8, 2021

      FREMCO Associates, LLC and Richard Robson, shareholder and power of attorney for James Robson (collectively, FREMCO), have filed a petition for review in this Court's original jurisdiction. The petition seeks a writ of prohibition and writ of mandamus to set aside a settlement agreement as *void ab initio* due to the incapacity of FREMCO's Chief Officer, James Robson, and it requests the Court to allow FREMCO's challenge to an assessment for unemployment compensation (UC) taxes *nunc pro tunc*. The Department of Labor and Industry (Department)[2] has filed preliminary objections to the petition, asserting, *inter alia*, that this Court lacks subject matter jurisdiction over challenges to UC tax

---

[1] This matter was reassigned to the authoring Judge on March 23, 2021.

[2] FREMCO's petition for review incorrectly named the "Department of Revenue of PA Unemployment Compensation Audit Division" as respondent.

assessments, a matter committed to the exclusive jurisdiction of the Department. For the reasons that follow, we will sustain the preliminary objection to jurisdiction and transfer the petition to the Department.

**Background**

The petition for review sets forth the basis of the controversy. James Robson, Chief Officer of FREMCO, is 84 years old and suffers from old age dementia. Petition ¶2. Richard Robson is James Robson's nephew and holds a power of attorney to act on behalf of James Robson. *Id*. ¶¶3-4. Richard Robson has worked with his uncle since 2000. *Id*. ¶3. Currently, Richard Robson manages FREMCO and is its only shareholder. *Id*. ¶¶5, 17.

In 2018, the Department's Office of Unemployment Compensation Tax Services (Tax Services Office) conducted a UC Audit of FREMCO pursuant to Section 206(a) of the Unemployment Compensation Law (Law)[3] and 34 Pa. Code §63.64.[4] Department Brief at 2. The Tax Services Office determined that various

---

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §766(a). Section 206(a) states, in part, as follows:

> (a) Each employer (whether or not liable for the payment of contributions under this act) shall keep accurate employment records containing such information, as may be prescribed by the rules and regulations adopted by the department. Such records shall be open to inspection by the department and its agents at any reasonable time, and as often as may be deemed necessary, but employers need not retain such records more than four (4) years after contributions relating to such records have been paid. The department may require from such employers such reports as it deems necessary, which shall be sworn to, if required by the department.

43 P.S. §766(a).

[4] This provision provides, in part, as follows:

> (a) *Content of records*. Each employer, whether or not liable for the payment of contributions, shall keep clear, accurate and complete employment and payroll records. The records must contain the following information on each worker, including workers whom the employer considers to be independent contractors,

2

individuals who provided services for FREMCO from the first quarter of 2014, through and including the fourth quarter of 2017, were employees. *Id.* at 3. Rejecting FREMCO's legal position that those individuals were independent contractors, the Tax Services Office assessed FREMCO for UC taxes owed for the above-stated period of time in the amount of $29,000, plus penalties and interest.

On March 2, 2020, FREMCO filed the instant petition for review, seeking a writ of mandamus and a writ of prohibition with respect to the March 2018 tax assessment. FREMCO also "requests this Court to Order the Office of UC Tax Services to allow a [*n*]*unc* [*p*]*ro* [*t*]*unc* appeal of the audit conducted in March 2018." Petition ¶6. Simultaneously, FREMCO filed an appeal with the "Office of UC Tax Services." *Id.*, Exhibit A. The petition for review states that FREMCO's certified public accountant represented it in the March 2018 audit by the Tax Services Office. *Id*. ¶10. However, this accountant lacked knowledge about whether the individuals providing services to FREMCO were employees or independent contractors. *Id*. ¶¶3, 14. The petition alleges that Richard Robson was given no notice that the audit concerned this legal question, and James Robson lacked the mental capacity to "handle" this legal question. *Id*. ¶¶8, 15.

**Preliminary Objections**

Pursuant to Pennsylvania Rule of Civil Procedure 1028(a), the Department has filed preliminary objections to FREMCO's petition for review. The Department asserts that (i) this Court lacks subject matter jurisdiction; (ii) FREMCO has failed to exercise and exhaust its statutory remedy; (iii) the petition did not attach

---

workers whom the employer considers not "employees" under the law, and workers covered by an arrangement described in section 4(j)(2.1) of the [L]aw (43 P.S. §753(j)(2.1))….

34 Pa. Code §63.64(a).

3

the alleged settlement agreement; (iv) the petition has not pled facts with sufficient specificity; and (v) the petition fails to state a cognizable claim upon which relief can be granted.[5]  PA. R.C.P. No. 1028(a)(1), (3) and (4).  The Department requests the Court to dismiss FREMCO's petition for review.

FREMCO filed a "Response to Preliminary Objections," again asserting that the UC tax auditors "chose to ignore the fact" that James Robson has dementia and "was mentally incapable of handling the pressure associated with an audit."  Response ¶21. The Response requested this Court to grant FREMCO permission to "Appeal the Audit *Nunc Pro Tunc*." *Id.*, at 5.  FREMCO did not meet the deadline for filing a brief in opposition to the Department's brief, in spite of being granted several extensions of time.

In ruling on preliminary objections, this Court must accept as true all well-pleaded allegations in the petition for review, as well as all inferences reasonably deducible therefrom. *Stanton–Negley Drug Company v. Department of Public Welfare,* 927 A.2d 671, 673 (Pa. Cmwlth. 2007).  The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Id.*  To sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *Id.*

**Analysis**

We begin with the Department's challenge to this Court's subject matter jurisdiction.  The Department argues that FREMCO's petition for review seeks a "*nunc pro tunc* Petition for Re[-]assessment," a matter that lies within the

---

[5] For purposes of this opinion, we have rearranged the order of the Department's preliminary objections.

4

"Secretary[ of Labor and Industry's] executive, original jurisdiction and subject to review by this Court in its appellate jurisdiction." Department Brief at 10. It further observes that this Court lacks original jurisdiction over matters that belong in its appellate jurisdiction, such as an appeal of a UC tax re-assessment adjudication of the Department. The Department contends that the Secretary's jurisdiction over a petition for re-assessment is exclusive under the Law.

Section 304(b) of the Law has established the procedure for challenging a UC tax assessment issued by the Tax Services Office. It states, in relevant part, as follows:

> *Any employer against whom an assessment is made may, within fifteen days after notice thereof, petition the department for a re-assessment* which petition shall be under oath *and shall set forth therein specifically and in detail the grounds and reasons upon which it is claimed that the assessment is erroneous.* Hearing or hearings on said petition shall be held by the department at such places and at such times as may be determined by rules and regulations of the department and due notice of the time and place of such hearing given to such petitioner.

43 P.S. §784(b) (emphasis added). In short, a petition for a re-assessment must be filed with the Department within 15 days of notice of an assessment, and the petition must explain "in detail the grounds and reasons" for claiming that "the assessment is erroneous." *Id*.

This Court has explained that where a statutory remedy exists, it must be strictly pursued to the exclusion of judicial remedies. *See Sunrise Energy, LLC v. FirstEnergy Corporation*, 148 A.3d 894, 903 (Pa. Cmwlth. 2016) ("[A]n administrative agency has exclusive jurisdiction where the legislature has given it the power to adjudicate on a particular subject matter."); *see also Lashe v. Northern York County School District*, 417 A.2d 260, 263-64 (Pa. Cmwlth. 1980) (a statutory

5

remedy "must be strictly pursued and such remedy is exclusive" . . . "unless the jurisdiction of the courts is preserved thereby" (quotation omitted)).

It is beyond peradventure that Section 304(b) of the Law has conferred exclusive jurisdiction over a petition for re-assessment of a UC tax assessment upon the Department. We agree with the Department that this Court lacks original jurisdiction over FREMCO's petition because it presents a petition for re-assessment that must be heard, first, by the Department.

It does not follow, however, that FREMCO's petition should be dismissed, as the Department argues. The Judicial Code directs that where a matter is commenced in a court that lacks jurisdiction, the court should transfer the matter to the proper tribunal. Section 5103(a) states as follows:

> If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, *the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth*, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa. C.S. §5103(a) (emphasis added). A "tribunal" is

> a court or magisterial district judge or other judicial officer of this Commonwealth vested with the power to enter an order in a matter, the Board of Claims, the Board of Property, the Office of

6

Administrator for Arbitration Panels for Health Care *and any other similar agency*.

42 Pa. C.S. §5103(d) (emphasis added).

To determine whether a state agency is a "tribunal" for purposes of Section 5103(d), "the relevant inquiries are whether the entity is a [C]ommonwealth agency with statewide jurisdiction . . . and whether the entity exercises jurisdiction involving subject matters which are, in other instances, within the original jurisdiction of the courts." *Meck v. Carlisle Area School District*, 625 A.2d 203, 206 (Pa. Cmwlth. 1993). It can be difficult to compare the jurisdiction of a state agency to the "jurisdiction of the courts of common pleas" because of the diversity "in the state executive branch of government[.]" 20 G. DARLINGTON ET AL., WEST'S PENNSYLVANIA APPELLATE PRACTICE §10:15 (2020). Nevertheless, it is clear that Section 5103(d) of the Judicial Code was intended to "liberaliz[e] the transfer powers of courts." *Barner v. Board of Supervisors of South Middleton Township*, 537 A.2d 922, 926 (Pa. Cmwlth. 1988).

In *Meck*, this Court considered a school teacher's challenge to his demotion. The teacher filed an action with the court of common pleas, which dismissed the complaint for lack of subject matter jurisdiction. On appeal, this Court agreed that the court of common pleas lacked jurisdiction, but concluded that it erred in dismissing the complaint. We held that the court of common pleas should have transferred the matter to the Secretary of Education. In so holding, this Court held that the Department of Education is a "tribunal" for purposes of Section 5103(d). *Meck*, 625 A.2d at 206.

Similarly, this Court has held other Commonwealth agencies to be "tribunals" for the transfer of original jurisdiction matters filed erroneously in this Court. In *Phillips v. State Tax Equalization Board*, 948 A.2d 889, 894 (Pa. Cmwlth.

7

2008), this Court transferred an original jurisdiction matter to the State Tax Equalization Board as the "proper tribunal." In *Suburban Cable TV Company, Inc. v. Commonwealth*, 570 A.2d 601, 611 (Pa. Cmwlth. 1990), this Court held that the Board of Finance and Revenue and the Board of Appeals are "tribunals" under Section 5103(d) of the Judicial Code for matters involving tax litigation. In *Globe Disposal Company, Inc. v. Department of Environmental Resources*, 525 A.2d 437, 441 (Pa. Cmwlth. 1987), this Court held that the Environmental Hearing Board was a tribunal for purposes of transfer under Section 5103(d). By contrast, a municipal zoning hearing board, which does not have statewide jurisdiction, is not a "tribunal" for purposes of a Section 5103(d) transfer. Accordingly, a court of common pleas cannot transfer a misfiled land use appeal to the appropriate zoning hearing board. *Sorbara v. City of Pittsburgh*, 471 A.2d 927 (Pa. Cmwlth. 1984).[6]

---

[6] This Court has held that neither the Workers' Compensation Appeal Board nor the Unemployment Compensation Board of Review constitutes a tribunal for purposes of a transfer of a misfiled appeal under 42 Pa. C.S. §5103(d). *See Carolina Freight Carriers Corporation v. Workmen's Compensation Appeal Board (Armitage)*, 505 A.2d 555 (Pa. Cmwlth. 1990); *Counsel v. Unemployment Compensation Board of Review*, 690 A.2d 1258 (Pa. Cmwlth. 1997). Both boards have statewide jurisdiction, but they do not exercise the type of jurisdiction exercised by the agencies listed in Section 5103(d). Neither board, as a general rule, conducts evidentiary hearings. Rather, each exercises an appellate-type review of a decision of a workers' compensation judge (WCJ) or referee before whom the evidentiary record has been made. The tribunal's review of a decision of a WCJ or referee is unlike any matter "within the original jurisdiction of the courts." *DiJohn v. Unemployment Compensation Board of Review*, 687 A.2d 1213, 1216 (Pa. Cmwlth. 1997).

A "matter" misfiled in this Court's original jurisdiction is more likely to be transferred to the state agency with subject matter jurisdiction. Such a transfer is consistent with the doctrine of primary jurisdiction. *See, e.g., Ciamaichelo v. Independence Blue Cross*, 909 A.2d 1211, 1218 (Pa. 2006) ("[T]he proper course is to allow the trial court to refer to the [Insurance] Department any issue or matter that is revealed to lie within the [Insurance] Department's regulatory jurisdiction, including any remedial action, should that become necessary, as is of sufficient complexity to require the [Insurance] Department's special competence"). Similarly, here, the matter of a UC tax assessment is a matter committed to the special competence of the Department of Labor and Industry.

8

The Administrative Code of 1929[7] created the Department of Labor and Industry as part of the "Executive Department" of the Commonwealth. Section 201 of the Administrative Code of 1929, 71 P.S. §61. It also created as the Department's "head" the Secretary of Labor and Industry. Section 206 of the Administrative Code of 1929, 71 P.S. §66. The Secretary of Labor and Industry is authorized to "exercise the powers and perform the duties by law vested in and imposed upon the [D]epartment." *Id.* In sum, the Department is a Commonwealth agency with statewide jurisdiction, and this satisfies the first requirement of a "tribunal" for purposes of Section 5103(d) of the Judicial Code, 42 Pa. C.S. §5103(d).

The second question is whether FREMCO's petition for review involves a subject "traditionally identified with the judiciary, *i.e.*, subjects in other instances within the original jurisdiction of the courts." DARLINGTON, ET AL. *supra*, §10:15. Common law claims of mandamus and prohibition are "in other instances" pursued in the courts. The same is also true for tax appeals. The Board of Finance and Revenue, for example, has been held to be a "tribunal" for purposes of Section 5103(d) of the Judicial Code. *Suburban Cable TV Company*, 570 A.2d at 611.

Lest there be any doubt, there is direct precedent that a UC tax assessment is a "subject" that in other instances is a matter for the judiciary. In *Commonwealth v. The Adelphia Hotel Company*, 44 Pa. D. & C. 657 (1942), the Commonwealth brought suit to recover unpaid UC taxes from a putative employer, a hotel, owed on the wages the hotel paid to musicians and other entertainers over the course of several years. Following a bench trial, the trial court entered judgment in favor of the hotel, reasoning that the Commonwealth did not meet its burden of

---

[7] Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §§51-732.

9

proof. It showed that the hotel had paid for music and entertainment, but it did not show what portion of those payments represented wages.

A petition for re-assessment is a challenge to the government's taxing authority, a subject matter traditionally identified with the judiciary. *Id.* at 657. We conclude that the Department satisfies both parts of the test of a "tribunal" with respect to UC tax assessments. Accordingly, Section 5103(d) of the Judicial Code requires this Court not to dismiss FREMCO's petition for review but to transfer it to the Department.

The Department describes FREMCO's petition for review as a *nunc pro tunc* petition for re-assessment. Notably, this "petition for re-assessment" was filed on March 2, 2020, to challenge a March 2018 audit. Although the date of the notice of the UC tax assessment is not specified, it seems clear that the date of March 2, 2020, does not meet the 15-day deadline for filing a petition for re-assessment set forth in Section 304(b) of the Law. Whether the Department should allow the petition for re-assessment to proceed, given this statutory deadline, is a matter for the Secretary of Labor and Industry to decide.

It cannot be presumed that the statutory time constraint in Section 304(b) affects the Department's jurisdiction. A recent holding of the United States Supreme Court is instructive, wherein it explained:

> The Court has therefore stressed the distinction between jurisdictional prescriptions and nonjurisdictional claim-processing rules, which "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times" A claim-processing rule may be "mandatory" in the sense that a court must enforce the rule if a party "properly raise[s]" it. But an objection based on a mandatory claim-processing rule may be forfeited "if the party asserting the rule waits too long to raise the point."

10

*Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843, 1849 (2019) (internal citations omitted). Pennsylvania's Supreme Court has likewise explained that jurisdictional time limits in a statute "go to a court's right or competency to adjudicate a controversy[,]" while a nonjurisdictional time limit, such as a statute of limitations, is enforceable but subject to "equitable principles such as tolling except as provided by statute." *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999).[8] Further, a party's ability to enforce a statutory time constraint may be forfeited "if the party asserting the rule waits too long to raise the point." *Fort Bend County*, 139 S. Ct. at 1849 (quoting *Eberhart v. United States*, 546 U.S. 12, 15 (2005) (*per curiam*)).

Whether a statutory time constraint deprives a tribunal of jurisdiction is determined by the language of the statute. In *Commonwealth v. Spotz*, 171 A.3d 675 (Pa. 2017), our Supreme Court considered Section 9545(b)(1) of the Post Conviction Relief Act (PCRA), which states, in pertinent part, as follows:

> (1) Any petition under this subchapter, including a second or subsequent petition, *shall be filed within one year of the date the judgment becomes final*, unless the petition alleges and the petitioner proves [one of the three exceptions to the time limit provided in subsections (i) to (iii)].

---

[8] Pennsylvania courts use the term "nonjurisdictional" statutory time constraints, whereas federal courts use the phrase "claim-processing rules." As does Congress, Pennsylvania's General Assembly routinely uses nonjurisdictional rules to "promote the orderly progress of litigation." *Fort Bend County*, 139 S. Ct. at 1849 (quoting *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)). For example, Section 977 of the Pennsylvania Election Code provides that the trial court, upon a petition to set aside a nomination petition, "shall make an order fixing a time for hearing which shall not be later than ten days after the last day for filing said nomination petition[.]" Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §2937. This time prescription has been construed to be "directory and not mandatory." *See In re Wilson*, 728 A.2d 1025, 1028 (Pa. Cmwlth. 1999); *see also In re Moore*, 291 A.2d 531, 534 (Pa. 1972).

42 Pa. C.S. §9545(b)(1) (emphasis added). The Supreme Court held that Section 9545(b)(1) established a jurisdictional prescription.

Similarly, Section 315 of the Workers' Compensation Act[9] provides an example of a statute of repose that is also jurisdictional. Section 315 states that "all claims for compensation *shall be forever barred*, unless, within three years after the injury … one of the parties shall have filed a petition as provided in article four hereof." 77 P.S. §602 (emphasis added). Our Supreme Court held, specifically, that the language "forever barred" extinguishes the right of compensation benefits if the petition is not timely filed and, thus, creates a statute of repose. *Schreffler v. Workers' Compensation Appeal Board (Kocher Coal Company)*, 788 A.2d 963 (Pa. 2002).

A statute of limitations, which is not jurisdictional, may be expressed in mandatory language. *See, e.g.*, 42 Pa. C.S. §5524(1) (civil action for assault "must be commenced within two years"). In *Bellotti v. Spaeder*, 249 A.2d 343, 344 (Pa. 1969), our Supreme Court explained that a statute of limitations does not go to the power of the court over the controversy or the defendant, "but rather to the mode in which the case is brought before the court." A statute of limitations may extinguish the remedy, but it does not extinguish the right. *See Echon v. Pennsylvania Railroad Company*, 76 A.2d 175, 177 (Pa. 1950) (holding that Wrongful Death Act[10] was a statute of limitations, not a statute of repose, and that railroad waived statute of limitations defense by waiting too long to raise it).

The time constraint in Section 304(b) of the Law uses the directory phrase "may . . . petition," 43 P.S. §784(b), and not the mandatory "shall be filed,"

---

[9] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §602.

[10] Act of April 15, 1851, P.L. 669, *as amended*, *formerly* 12 P.S. §§1601-1604, repealed by the Act of April 28, 1978, P.L. 202. *See now* 42 Pa. C.S. §8301.

as does, for example, Section 9545(b)(1) of the PCRA, 42 Pa. C.S. §9545(b)(1).  As with any pleading initiating a civil action, the petition for a UC tax re-assessment must set forth "in detail the grounds and reasons" for the petitioner's claim.  The re-assessment petition is an original process that institutes an evidentiary proceeding that otherwise would be heard by a court of common pleas.

A comparison of the time constraints established in Section 304(b) and Section 501(e) of the Law is instructive.  Section 501(e) provides that "unless" a claimant or employer files an "*appeal*" of an unemployment compensation determination "within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address," the determination "*shall be final*[.]"  43 P.S. §821(e) (emphasis added).  We have held that this language presents a jurisdictional time constraint.  *See Pennsylvania Turnpike Commission v. Unemployment Compensation Board of Review*, 991 A.2d 971, 974 (Pa. Cmwlth. 2009).  Notably, the words "appeal," "shall[,]" or "final" do not appear in Section 304(b) of the Law.  The contrast between Sections 304(b) and 501(e) of the Law is striking.

Further, Section 304(b) of the Law does not state the consequence of filing a petition for re-assessment more than 15 days after its receipt.  Section 304(d) of the Law,[11] on the other hand, does state a consequence where the employer (i)

---

[11] Section 304(d) states:

> As to any employer who fails to petition for re-assessments, or, having petitioned after due notice of hearing, fails to appear and be heard, or, *in case of a re-assessment, to appeal, such assessment or re-assessment of the department shall then become final*, and the contributions and interest assessed or re-assessed by the department become forthwith due and payable, and no defense which might have been determined by the department or in the event of an appeal from re-assessment by the court shall be available to any employer in any suit or proceeding brought by the Commonwealth in the name of the fund for the recovery of such contribution based on such assessment or re-assessment.

does not ever file a petition for re-assessment; (ii) does not appear at the re-assessment hearing; or (iii) does not appeal the post-hearing re-assessment. In any of these three cases, the "assessment" or "re-assessment" becomes "final" and payable. 43 P.S. §784(d).

Finally, precedent demonstrates that the Department has treated the statutory time constraint in Section 304(b) of the Law as a statute of limitations and not a jurisdictional bar. In *Famularo Catering, Inc. v. Department of Labor and Industry*, *Office of Unemployment Compensation Tax Services*, 125 A.3d 866 (Pa. Cmwlth. 2015), the Department conducted a hearing on a petition for re-assessment mailed 18 days after issuance of the notice of assessment. This would not be possible if the Department lacked jurisdiction.

The Department acknowledges that a petition for re-assessment is an original process that triggers its obligation to conduct an evidentiary hearing. Assuming the Tax Services Office chooses not to waive the statutory time constraint in Section 340(b) of the Law, it is for the Secretary of Labor and Industry, not this Court, to decide whether FREMCO's request for a hearing on its petition for re-assessment should be allowed notwithstanding its untimely filing. In this regard, the equitable principles of the *nunc pro tunc* doctrine may be applicable even though the word "appeal" does not appear in Section 340(b) of the Law. *See, e.g.*, *Roderick v. State Civil Service Commission*, 463 A.2d 1261, 1263 (Pa. Cmwlth. 1983) (allowing untimely appeal, *i.e.*, a request for a hearing, as warranted under *nunc pro tunc* principles).

---

43 P.S. §784(d) (emphasis added). The statutory appeal period begins to run after the re-assessment proceeding.

14

**Conclusion**

Having concluded that this Court lacks jurisdiction over FREMCO's petition for review, we sustain the Department's preliminary objection to subject matter jurisdiction.[12]  Pursuant to 42 Pa. C.S. §5103(a), we order the petition transferred to the Department for further proceedings consistent with this opinion.

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[12] Because of our disposition, we need not address the Department's remaining preliminary objections.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

FREMCO Associates, LLC,       :
Richard Robson, in his own right as  :
shareholder and as POA for      :
James Robson,                :
            Petitioners      :
                        :
        v.            :   No. 193 M.D. 2020
                        :
Department of Revenue of PA    :
Unemployment Compensation Audit :
Division,                :
           Respondent    :

# **O R D E R**

AND NOW, this 8th day of June, 2021, it is ORDERED that the Respondent Department of Labor and Industry's preliminary objection to Petitioners' petition for review for lack of subject matter jurisdiction is SUSTAINED. Pursuant to 42 Pa. C.S. §5103(a), the Prothonotary shall transfer the petition for review to the Department of Labor and Industry for further proceedings in accordance with the attached opinion.

                                     _____
                                     MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA


FREMCO Associates, LLC, Richard : 
Robson, in his own right as : 
shareholder and as POA for : 
James Robson, : 
                Petitioners : 
: 
         v. :   No. 193 M.D. 2020
:   Submitted: January 15, 2021
Department of Revenue of : 
PA Unemployment : 
Compensation Audit Division, : 
                Respondent : 


BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE J. ANDREW CROMPTON, Judge


DISSENTING OPINION
BY JUDGE CROMPTON           FILED: June 8, 2021


      I respectfully dissent from the majority opinion. While I agree with the majority in the result insofar as it holds that this Court lacks jurisdiction over the Petition for Review of FREMCO Associates, LLC and Richard Robson, in his own right as shareholder and as power of attorney (POA) for James Robson (Petitioners), I do not believe that this Court can properly transfer the Petition for Review to the Commonwealth of Pennsylvania, Department of Labor and Industry, Office of Unemployment Compensation Tax Services (OUCTS) (the Department). Because Petitioners did not exhaust their administrative remedies before the Department, this

Court cannot substitute its appellate review for the Department's agency review process.

Where the legislature statutorily prescribes an administrative remedy, a court of equity or a court of law is without jurisdiction to entertain the action prior to a party's exhaustion of that administrative remedy. *See Lilian v. Commonwealth*, 354 A.2d 250, 252 (Pa. 1976); *see also Packler v. State Emps. Ret. Bd.*, 382 A.2d 158 (Pa. Cmwlth. 1978). Section 304 of the Unemployment Compensation (UC) Law[1] describes the Department's process for issuing determinations on petitions for reassessment of UC contributions:

> Any employer against whom an assessment is made may, within fifteen days after notice thereof, petition the **[D]epartment** for a re-assessment which petition shall be under oath and shall set forth therein specifically and in detail the grounds and reasons upon which it is claimed that the assessment is erroneous. Hearing or hearings on said petition shall be held by the **[D]epartment** at such places and at such times as may be determined by rules and regulations of the **[D]epartment** and due notice of the time and place of such hearing given to such petitioner.

Section 304(b) of the UC Law, 43 P.S. §784(b) (emphasis added). Thus, the UC Law clearly vests the Department with the exclusive authority to review petitions for reassessment. *See id.*

"[A] litigant cannot forego nor abandon, before completion the administrative process the legislature has devised as a means of resolving a dispute." *See White v. Conestoga Title Ins. Co.*, 53 A.3d 720, 726 n.10 (Pa. 2012); 1 Pa. C.S. §1504. Additionally, it is well settled that a party challenging administrative decision making is precluded from obtaining judicial review without first exhausting

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-919.10.

administrative remedies. *Network for Quality M.R. Servs. v. Dep't of Pub. Welfare*, 833 A.2d 271, 274 (Pa. Cmwlth. 2003).

Our Supreme Court has previously clarified that this Court lacks original jurisdiction over matters that are properly within its appellate jurisdiction. *Pa. Dep't of Aging v. Lindberg*, 469 A.2d 1012 (Pa. 1983); *see also Fast Enters., LLC v. Dep't of Gen. Servs.*, 13 A.3d 566 (Pa. Cmwlth. 2011). In *Lindberg*, our Supreme Court held:

> [T]hose matters our legislature has placed within [the] Commonwealth Court's appellate jurisdiction . . . are excluded from its original jurisdiction. . . . In short, the Commonwealth Court's original jurisdiction of actions against the Commonwealth is limited to those not within its . . . appellate jurisdiction over appeals from Commonwealth agencies, whether directly . . . , indirectly . . . or otherwise within its appellate jurisdiction.

469 A.2d at 1015-16. While this Court has appellate jurisdiction over an employer's challenge to a reassessment determination by the Department, this Court does not serve to evade the Department's statutorily designated reassessment process. This process includes Petitioners' instant request to proceed with their appeal *nunc pro tunc*. The request must be heard before the Department, and assuming Petitioners disagree with the Department's decision, the issue may then be heard before this Court in its appellate jurisdiction.

The majority opines that where a matter is commenced in a court that lacks jurisdiction, the court should transfer the matter to the proper tribunal. *See* 42 Pa. C.S. §5103(a). Accordingly, the majority asserts that the Department is a "tribunal" for the purposes of the Judicial Code. *See id.* I decline to provide further analysis as to whether the Department may be properly described as a "tribunal" because, in my view, the discussion would prove irrelevant to the issue presently

JAC - 3

before this Court. Petitioners inappropriately challenged a decision of the Department with this Court. The Commonwealth Court is not vested with the power to hear such challenges within our original jurisdiction, but instead, only within our appellate jurisdiction after administrative remedies are exhausted and a decision is rendered before the Department.

Petitioners did not file a Petition for Reassessment with the Department or with this Court; instead, Petitioners filed a Petition for Review with this Court, an inappropriate filing given that reviewable proceedings before the Department never occurred. It seems illogical to fashion a Petition for Reassessment out of the Petition for Review presently before us and to require the Department to render a decision based on same. Not only does this frustrate the administrative review process contemplated within the UC Law, it allows a pathway for future petitioners to circumvent, either intentionally or inadvertently, the administrative review process before an agency with a guaranteed correction provided by this Court.

Thus, for the reasons above, to be properly heard before the Department, Petitioners must file a Petition for Reassessment, as contemplated within the UC Law, with the Department, at which time Petitioners should make a request of the Department to proceed with their Petition for Reassessment *nunc pro tunc*.

_____
J. ANDREW CROMPTON, Judge

JAC - 4